THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD M. MACKENNA, Appellant.

Argued January 5, 1949; decided March 3, 1949.

*John J. Dillon* and *Edward M. MacKenna,* in person, for appellant. I. The trial court exceeded its authority by imposing sentence under section 1944 of the Penal Law seven years after sentencing appellant for the same act under section 1897 of the Penal Law. (*Matter of Cedar* v. *Judges of Ct. of General Sessions,* 240 App. Div. 182, 265 N. Y. 620; *People* v. *Krumme,* 161 Misc. 278; *People* v. *Lohman,* 2 Barb. 216, 1 N. Y. 379; *People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; *People ex rel. Decker* v. *Page,* 125 Misc. 538; *People* v. *Archer,* 18 Chic. Leg. New 245; *People* v. *Mueller,* 4 Crim. L. Mag. 725; *People* v. *Raeder,* 161 Misc. 557; *People* v. *Kastel,* 172 Misc. 784; *State* v. *Watson,* 41 La. Ann. 598; *State* v. *Walker,* 22 La. Ann. 425; *Grossman* v. *Oakland,* 30 Ore. 478; *Fletcher* v. *State,* 12 Ark. 169.) II. This is a clear case of double jeopardy, and denial of due process of law. (*People* v. *Skarczewski,* 178 Misc. 160, 287 N. Y. 826; *People* v. *Goldfarb,* 152 App. Div. 870, 213 N. Y. 664; *People* v. *Procito,* 261 N. Y. 376; *Matter of Stebbins* v. *Sherwood,* 148 Misc. 763; *People* v. *Kevlon,* 221 App. Div. 224; *Matter of Dodd* v. *Martin,* 248 N. Y. 394; *People* v. *Krennen,*

264 N. Y. 108; *Matter of Bennett* v. *Merritt,* 173 Misc. 355, 261 App. Div. 824.) III. The trial court erred by sentencing appellant, assertedly under the provisions of section 1944, without a hearing or an inquiry, and without taking a single word of testimony to sustain the action. (*People* v. *Caruso,* 249 N. Y. 302; *People* v. *Krennen,* 264 N. Y. 108; *People ex rel. Schoen* v. *Murphy,* 243 App. Div. 216; *People ex rel. Lorraine* v. *Lawes,* 275 N. Y. 620; *People ex rel. Romano* v. *Brophy,* 280 N. Y. 181, 280 N. Y. 707; *People* v. *Sandoval,* 262 App. Div. 288; *Matter of Lyons* v. *Robinson,* 293 N. Y. 191.) IV. The court was without jurisdiction to sentence the appellant to imprisonment under section 1944 of the Penal Law under the guise of correcting error in another part of the sentence. (*People ex rel. Griffin* v. *Hunt,* 150 Misc. 163, 242 App. Div. 903, 267 N. Y. 597; *Ex Parte Lange,* 18 Wall. [U. S.] 163; *Matter of Cedar* v. *Judges of Ct. of General Sessions,* 240 App. Div. 182, 265 N. Y. 620; *Matter of Lyons* v. *Robinson,* 293 N. Y. 191; *People ex rel. Hager* v. *Hunt,* 261 App. Div. 1046; *People ex rel. Romano* v. *Brophy,* 280 N. Y. 181, 280 N. Y. 707; *People ex rel. Kerrigan* v. *Martin,* 291 N. Y. 513; *People* v. *Meservy,* 76 Mich. 227.)

*Frank S. Hogan, District Attorney* (*Edward T. Perry* and *Whitman Knapp* of counsel), for respondent. The imposition of the sentence for being armed was a valid exercise of the court's power. (*People ex rel. Hager* v. *Hunt,* 261 App. Div. 1046; *People ex rel. Kerrigan* v. *Martin,* 291 N. Y. 513; *People* v. *Garcia,* 272 App. Div. 1084; *People* v. *Sandoval,* 262 App. Div. 288; *People ex rel. Griffin* v. *Hunt,* 267 N. Y. 597.)

LOUGHRAN, Ch. J. In 1940, the defendant, who had been indicted in the county of New York for attempted robbery in the second degree, attempted grand larceny in the second degree, assault in the second degree and for carrying a dangerous weapon after a prior conviction (see Penal Law, §§ 2120, 2126, 1290, 1296, 242, 1897), was allowed by the Court of General Sessions of that county to plead guilty on the assault count and to a charge of carrying a dangerous weapon as a misdemeanor (see Penal Law, §§ 2, 1897). The prior conviction alleged in the indictment took place in the State of Mississippi

and was the result of a larceny which in the opinion of the Court of General Sessions would have been a felony under the Penal Law of New York. Accordingly that court took the defendant to be a second felony offender and on October 17, 1940, sentenced him as such to imprisonment for not less than five nor more than ten years on the assault count (see Penal Law, § 1941), while on the misdemeanor count sentence was suspended (see Penal Law, § 2188). Before he was so sentenced, the defendant had admitted his use of a gun in committing the felony of assault in the second degree. This circumstance authorized the court to increase the punishment by imprisonment in a State prison for not less than five nor more than ten years (Penal Law, § 1944); but no such extra sentence was then imposed.

On June 15, 1945, the defendant was released on parole — all but twelve days of the five-year minimum term of his New York sentence having theretofore been served. He then returned to his home in Louisiana but was there convicted upon charges of theft and forgery, in consequence of which he was later recommitted to prison here in New York as a parole violator.

In 1947, the New York sentence was vacated on the defendant's motion, because the offense of which he had been convicted in Mississippi had finally been shown by him to have been the equivalent of no more than a misdemeanor in New York. Accordingly he was brought before the Court of General Sessions to be resentenced — this time as a first felony offender — and thereupon the same judge who had originally passed sentence upon him pronounced a new sentence in these words: " In the light of all the events and all the facts before me, the sentence that I am imposing is *nunc pro tunc* as of October 17, 1940, and the sentence is that the defendant be confined to State Prison for a term of not less than six nor more than ten years, of which not less than five years nor more than seven years is imposed as an additional punishment pursuant to section 1944 of the Penal Law, for the use of a gun in the commission of a felony." This sentence has been affirmed by the Appellate Division and is now before us for review on a certificate granted to the defendant pursuant to section 520 of the Code of Criminal Procedure.

The relevant provision of section 1944 is in substance this: If any person while in the commission or attempted commission of a felony shall be armed with a pistol, the punishment elsewhere prescribed in the Penal Law for that felony may be increased by imprisonment in a State's prison for not less than five nor for more than ten years. This defendant was so armed in that statutory sense at the time of his commission of the felony in question, as he still concedes.

The increased punishment authorized by section 1944 is an " additional " penalty, that is to say, it presupposes a substantive offense followed by an initial sentence to which it may be annexed (see *Matter of Lyons* v. *Robinson*, 293 N. Y. 191). On that basis, we said in the *Lyons* case (*supra*) that invalidity of such an additional sentence did not require disturbance of a valid initial sentence imposed for a substantive crime, since the former sentence was " severable " from the latter (p. 195). From that premise, the present defendant argues that the admitted invalidity of the initial sentence here imposed for assault in the second degree was no warrant for the cancellation by the sentencing court of its original concomitant decision not to impose any additional sentence as increased punishment under section 1944. This proposition has been urged upon us with force and skill, but in the end we find ourselves unable to adopt it.

The initial sentence that was originally here imposed for the substantive crime of assault in the second degree was illegal and for that reason that sentence was necessarily vacated at the defendant's request. At that juncture, he stood before the court as one who had never been sentenced at all for the substantive felony to which he had pleaded guilty and in the commission of which, as he confessed, he had used a gun. Hence the new sentence which was then and there imposed — including the additional penalty under section 1944 — was warranted and the infliction thereof did not subject the defendant to double jeopardy (see *People ex rel. Kerrigan* v. *Martin*, 291 N. Y. 513; *Bozza* v. *United States*, 330 U. S. 160, 165–167).

Of course, the defendant is entitled to have credited on the new sentence the time already served by him in consequence of the sentence that was vacated.

The judgment should be affirmed. [See 299 N. Y. 601.]

LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment affirmed.