THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v. MAX BECKER, Respondent-Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Judgment of conviction insofar as it sentences defendant to be confined in the State prison at Attica, New York, for a period of two years reversed on the law and otherwise affirmed and matter remitted to the Supreme Court of Cayuga County to proceed in accordance with the memorandum. Memorandum: On May 21, 1930, the defendant was convicted in the Supreme Court of Cayuga County of the felony of attempt to escape from State prison in violation of section 1695 of the Penal Law, and sentenced to be imprisoned at hard labor in the State prison at Auburn, New York, for a term of twelve years. On September 22, 1947, upon defendant's application that court vacated the sentence on the ground that it was illegal and imposed a new sentence of three and one-half years and suspended the execution thereof. On appeal therefrom this court vacated the new sentence and remitted the matter to the Supreme Court of Cayuga County with directions to proceed in accordance with its memorandum decision (see 275 App. Div. 892). Thereafter pursuant to said directions hearings were had at which proofs were taken upon which the court necessarily found that defendant at the time when he committed the crime of attempt to escape from State prison was armed with a dangerous weapon in violation of the provisions of section 1944 of the Penal Law, and that he had previously been twice convicted of felonies, to wit: attempted burglary third degree on January 27, 1924, and of burglary third degree and grand larceny second degree as a second offense on October 19, 1926. On February 25, 1950, the court imposed the following sentence: "The sentence of the Court is that the Defendant be confined in Attica State Prison for a term of Seven years; two years thereof being punishment in violation of Sect. 1695 of the Penal Law with five years additional punishment for being armed in violation of Sec. 1944 of the Penal Law and such term shall begin at the expiration of all terms of imprisonment to which he is already sentenced — Sentence imposed as of May 21, 1930." The People appeal from the judgment of conviction insofar as it imposes punishment of two years for the substantive crime and defendant appeals from the judgment of conviction insofar as it imposes the increased punishment of five years for being armed. On the People's appeal we are of the opinion that the minimum penalty which the court was authorized to impose for the substantive crime of attempt to escape from State prison was seven years. (See *People ex rel. Nolan* v. *Snyder*, 259 App. Div. 757, affd. 284 N. Y. 791.) On defendant's appeal we think that the imposition of the increased punishment for being armed was mandatory in that five years was the minimum term which the court was authorized to impose upon defendant at the time the crime was committed. (See *People* v. *MacKenna*, 298 N. Y. 494.) All concur. (Cross appeals from a judgment convicting defendant of the crime of attempted escape, while armed.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAY THOMAS SNYDER, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment convicting defendant of the crime of assault, second degree, under the third count of the indictment.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.