THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFRED WILSON, Appellant.

First Department, May 9, 1963.

*Leon B. Polsky* of counsel (*Anthony F. Marra,* attorney), for appellant.

*H. Richard Uviller* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

BREITEL, J. Defendant appeals from an order denying, without a hearing, his motion in the nature of writ of error *coram nobis.* He contends that a prior Florida conviction, upon the predicate of which he was sentenced as a second offender, was rendered in violation of constitutional limitations. The issue is whether the allegations warranted a hearing.

In 1948 defendant was tried and convicted in New York County of attempted murder in the second degree. In connection with sentence the District Attorney, pursuant to the provisions of sections 1941 to 1943 of the Penal Law, filed an information charging him with having been previously convicted in Dade County, Florida, on February 21, 1931, of murder in the first degree for which he was sentenced to life imprisonment. The Florida conviction was based on defendant's plea of guilty to the indictment. Defendant admitted the truth of the information and was sentenced to a term of from 25 to 50 years in State prison as a second felony offender. Throughout the New York proceedings defendant was represented by counsel.

In 1962 defendant filed the instant application to vacate the New York conviction and sentence. In support of his application he made affidavit that at the time of his arraignment in Florida he had not been represented by counsel and had not been advised that he could retain counsel or have counsel assigned to him. He also states that he was without funds. He submits the affidavit of the Clerk of the Circuit Court in Dade County who states: that he has been familiar with the practice in Dade County Circuit Court for 35 years; that when counsel is assigned to represent indigent defendants in capital cases the court records would show it; and that the records with reference to this defendant do not show that he was ever represented by counsel. Further affidavits were submitted of a Deputy Court Clerk, and of a Florida attorney who states, from his knowledge, that for the past 34 years attorneys have been appointed to represent indigent defendants in capital cases, but that the custom had not been followed when a defendant expressed a wish to plead guilty to a capital crime. By computation, it appears that in 1931 defendant was 27 years of age.

It is now settled that a defendant in a capital case is entitled to counsel to be provided by the State, if he is unable to retain counsel of his own choice; that he must be advised of this right; and that a deprivation of the right is violative of constitutional limitations and renders void the conviction which may ensue (*Hamilton* v. *Alabama,* 368 U. S. 52; cf. *Gideon* v. *Wainwright,* 372 U. S. 335, extending the rule beyond capital cases). The question in this case is whether and how a defendant may raise the alleged invalidity of the prior conviction, the multiple offender statutes being silent in this respect (Penal Law, §§ 1941–1943).

*Coram nobis* generally lies to relieve of fraud established dehors the record facts or because of violation of certain fundamental nonwaived or nonwaivable constitutional rights (*People* v. *Sullivan,* 3 N Y 2d 196; *People* v. *Silverman,* 3 N Y 2d 200; *People* v. *Shapiro,* 3 N Y 2d 203; 24 C. J. S., Criminal Law, § 1606[2]). The Court of Appeals has also pointed out that the relief is addressed only to the rendering court, the only court in which the application may originate. On this premise it was held that *coram nobis* would not lie to discredit a prior out-of-State conviction, in a court of this jurisdiction, even though the subsequent sentence in this State was measured by the fact of the prior conviction (*People* v. *McCullough,* 300 N. Y. 107; compare the analysis in *United States ex rel. La Near* v. *La Vallee,* 306 F. 2d 417, 420–421, in Federal habeas corpus, holding that it was the subsequent New York sentence that was being attacked because it was unconstitutionally increased by reason of a constitutionally void prior conviction obtained in Missouri). While Federal courts may bind the State courts with finality on Federal questions, the scope and analysis of the State remedy of *coram nobis* is determined exclusively by reference to State law. Consequently, under the rule in the *McCullough* case, the order denying defendant relief in *coram nobis* was proper.

Because a grave question is raised as to the lawfulness, under constitutional principles, of defendant's continued detention, and because the relief defendant may obtain in the Federal courts depends upon the nonexistence or waiver of remedies in the State courts, the issues raised should not be disposed of on a narrow procedural rule with respect to the instant remedy of *coram nobis,* without further exploration. Sensitivity to the constitutional rights of defendants in criminal cases, without precious adherence to procedural niceties, is of long standing in this State (*People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112,

especially p. 118; *Matter of Morhous* v. *Supreme Court,* 293 N. Y. 131, 139–140).

The District Attorney suggests that defendant waived his rights in 1948 when he admitted the facts set forth in the information filed under the multiple offender statutes. He concedes that the statutes provide only for issues as to the identity of the person involved in the prior conviction or convictions. But, he says, on general principles, defendant could have moved to dismiss the information on the ground that the prior conviction was void by reason of constitutional principles and facts to be established dehors the record before the court. Although there is no precedent for such a motion, this may be so.* Moreover, the recognition of such a remedy would support the constitutional validity of the statute (see *United States ex rel. La Near* v. *La Vallee, supra*). But this would not dispose of the problem. There would still be a question whether defendant in this case, having failed to make such a motion, waived his rights "understandingly, competently and intelligently", particularly in light of the novelty of the District Attorney's suggestion (*Matter of Bojinoff* v. *People,* 299 N. Y. 145, 151–152). The *Bojinoff* case is quite parallel except that the prior conviction was rendered in New York, and the defendant there was only 16 at the time rather than 27 as here. Of course, both men were much older at the time of pleading to the informations filed under the multiple offender statutes. The question then persists: since *coram nobis* will not lie to determine the issue of waiver on the date of multiple resentencing, or of the invalidity of the prior Florida conviction, is the defendant without remedy in this State's courts?

A now classic remedy for the correction of illegal or erroneous sentences is the motion for resentence (e.g., *People* v. *MacKenna,* 298 N. Y. 494; 24 C. J. S., Criminal Law, §§ 1587–1590). The remedy is not limited as to time, although the disposition is not appealable, if it results in a denial (Code Crim. Pro., § 517; e.g., *People* v. *Sheehan,* 4 A D 2d 143; but, see, *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112, 119, *supra,* in which the appellate court granted mandamus to compel a resentence at nisi prius). A less than exhaustive examination of the cases which have involved resentence reveals that they have turned on error or

---

* As will appear later from authorities cited and quoted, even this remedy, as others to be discussed, would involve a view contrary to some of the cases which state or hold that an out-of-State judgment of conviction may never be questioned for reasons determinable only outside the record documents establishing the conviction.

illegality based on record facts (e.g., *People ex rel. Miresi v. Murphy,* 253 App. Div. 441, motion for leave to appeal denied 278 N. Y. 741; *People ex rel. Mendola v. Brophy,* 237 App. Div. 529).* This is likely because it is the rare situation in which the error or illegality of the sentence will not be determinable, as a matter of law alone, from the record facts. But, significantly, no case has been found which limits the remedy in so many words to errors or illegality based on record facts. In fact, the rule in this State and elsewhere is stated to be that the remedy lies for the correction of illegal or erroneous sentences, without express limitation (see Ann. 168 A. L. R. 706, 719–720, Criminal Law — Changing Sentence; 24 C. J. S., Criminal Law, §§ 1587–1590 and cases cited). Consequently, it cannot be said conclusively, at this time, that defendant does not have a remedy by way of a motion to resentence based upon the illegality of the New York sentence if predicated upon a void prior conviction obtained in Florida.

Another possibility is the remedy of habeas corpus. Generally, habeas corpus is confined to unlawful detention dependent upon lack of competency in the committing court or lack of jurisdiction over the defendant, or for violation of nonwaived or nonwaivable fundamental constitutional rights discoverable from the record facts (Civ. Prac. Act, §§ 1231, 1252; *Matter of Morhous v. Supreme Court,* 293 N. Y. 131, 135 *et seq., supra.*) Moreover, in *People v. McCullough* (300 N. Y. 107, *supra*) it was flatly asserted that habeas corpus would not lie in this State with respect to an attack on a multiple offender sentence for invalidity of the predicate conviction rendered outside the State. There is no doubt that there has been difficulty, on principles traditional to this State, in finding the avenue for corrective action in habeas corpus (or in *coram nobis*). The difficulty is compounded by the obvious and understandable repugnance to placing the burden on New York courts of reviewing the invalidity of out-of-State judgments depending upon extrinsic issues of fact requiring a hearing and out-of-State witnesses. Thus, Judge FULD, in a concurring opinion in *People ex rel. Harrison v. Jackson* (298 N. Y. 219, 227), had this to say with respect to a multiple offender sentence involving only New York convictions: " In my view, denial of habeas corpus does not necessarily mean the denial of all remedy in a proper case. As this court not long ago observed, and in a very similar setting,

---

* By record facts, it is intended to include the record documents, i.e., the judgment roll, and the record of proceedings, including the trial, if not already included in the judgment roll (see Code Crim. Pro., § 485).

' A remedy there must be. The approach to it must be by the only visible route — by motions addressed to the sentencing court.' (*Matter of Hogan* v. *New York Supreme Court,* 295 N. Y. 92, 97.) In this case, the ' visible route ' takes its direction from the very difficulties which inhere in habeas corpus as a corrective procedure. To permit the judgment of a court — in this case, the 1942 judgment of the County Court of Kings County — having jurisdiction over person and subject matter and having power to mete out the sentence imposed, to be ' challenged by writ of habeas corpus *in another court* \* \* \* would produce a chaotic situation.' (Italics supplied.) (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 140, *supra.*) A prisoner's challenge to a prior conviction can best be weighed by the court which convicted him. That is the court which is most likely to have full knowledge of the circumstances attending the conviction, which can best appreciate the meaning of the record before it, and which can most intelligently evaluate the significance of the new information produced by the prisoner."

Yet, at one time, the Court of Appeals suggested that the scope of habeas corpus might require extension where all other corrective relief is frustrated. Thus, it was said in *Matter of Morhous* v. *Supreme Court* (293 N. Y. 131, 139–140, *supra*): " It may be that the courts of this State would be constrained to extend the scope of the writ beyond the limitations placed upon it by ancient practice and procedure, even though that practice and procedure has been crystallized by the statute, if a case should arise where a person restrained of his liberty under a judgment of a court of competent jurisdiction alleges in his petition facts sufficient, if established, to show that the judgment fails to satisfy the requirements of due process on grounds for which the State has provided no other corrective procedure. Denial of the writ in such case might not accord with its historic purpose and be contrary to the spirit if not the letter of the Constitution of the State as well as of the United States. That, as we have said, is not the case here, and in the history of this State no case has been presented where other corrective procedure properly applied has failed to provide a remedy."

With the most recent developments in the decisional law undermining, on constitutional grounds, multiple offender sentences in this State because of infirmities in the predicate convictions, it is evident that a re-examination of the several postconviction remedies available is in the offing (see *Fay* v.

*Noia,* 372 U. S. 391; *United States ex rel. La Near* v. *La Vallee,* 306 F. 2d 417, *supra*). While it suffices at this time in this proceeding to hold on the authority of *People* v. *McCullough* (*supra*), that the present petition was properly dismissed, it is equally evident that this is not the end of the matter.

Of course, the genesis of the conflict is the State view, at least until the present, that a foreign conviction may not be attacked collaterally dehors the record documents, even for constitutional infirmity, while the Federal view is to the contrary. Moreover, the Federal view is not curtailed by the remedy of habeas corpus, but on the contrary, Federal habeas corpus will reach infirmities in or dehors the record facts, in the principal proceeding or the collateral one, if it affects the principal. The result is that the Federal courts will, on Federal grounds, strike down a State multiple offender sentence which the State courts have held or would hold is invulnerable to attack except by proceeding first in the court in which the prior conviction was rendered. Since, as to Federal matters, the Federal courts speak with supremacy, the possible course for resolving the conflict begins to emerge.

Most assuredly, none of the remedies, alternative to *coram nobis,* provide clear precedents or even clear undisputed analysis in support of an avenue of relief for a defendant situated as this one allegedly is. But neither do the precedents nor analysis clearly foreclose all such avenues of relief. The avenues are not straight and narrow, but undulating. Since, on the one hand, the constitutionality of the multiple offender statutes is involved as well as the orderly administration of criminal justice in the State, and on the other, there is involved the imperative for justice to this defendant if he indeed is faced with unlawful detention in this State, the courts are not without facility to fashion existing remedies to the needs created by the ever-expanding scope to safeguards in the criminal law (e.g., *Fay* v. *Noia,* 372 U. S. 391, *supra*). It is interesting, and perhaps significant, that the courts have always said that for the unconstitutional injury there must be a remedy, but the refusal of relief usually turned on the procedural forms and limitations attributed, because of history or logic, to one remedy rather than another. Also, it would be useful to establish the facts upon which this defendant claims that the prior Florida conviction was constitutionally void, rather than to pursue the litigation on the demurrer assumption that his allegations are true. But, under the existing rules, for the reasons stated this cannot be done in *coram nobis.*

Accordingly, the order denying the motion in the nature of a writ of error *coram nobis* should be affirmed.

Botein, P. J., Rabin, McNally and Steuer, JJ., concur.

Order entered on October 30, 1962 denying defendant's application for a writ of error *coram nobis,* unanimously affirmed.