**UNITED STATES of America ex rel. Fred McCRAY, Petitioner,**

v.

**Hon. J. Edwin LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent.**

**Civ. No. 9694.**

United States District Court
N. D. New York.

Aug. 15, 1963.

JAMES T. FOLEY, Chief Judge.

This application by a state prisoner sentenced under the Multiple Offender Law of New York as a second offender presents a new problem under the ruling in United States ex rel. LaNear v. LaVallee, 2 Cir., 306 F.2d 417. The petitioner was indicted in New York County in March, 1961, for Murder, First Degree, pleaded guilty to Manslaughter, First Degree, and sentenced as a second felony offender to a term of ten to twenty years. There is submitted with the petition a photostat copy of the sentencing minutes of the Court of General Sessions, County of New York. The minutes show that an information charging a previous conviction of the crime of Bribery on May 23, 1952, in the United States District Court, Southern Division of the Northern District, Alabama, was filed against the petitioner and used as the basis for the second felony offender sentence. It is the contention of the pe-

titioner that under the LaNear ruling he has the unqualified right to have his petition for habeas corpus entertained at his option in this United States District Court in his challenge to the New York Multiple Offender sentence and judgment of conviction.

The challenge to the 1952 federal conviction is that in the bribery jury trial evidence seized by illegal search was admitted in violation of constitutional rights. The type evidence received, and the facts and circumstances concerning the admission in the bribery trial into evidence, particularly as to whether there was objection, are not set forth in the petition or supporting papers. The petitioner recites that unstamped containers of alcohol were seized from the floor of his car by federal agents. Then, the petition and attached exhibits indicate the petitioner pleaded guilty to charges concerning illegal distilling, removal and possession of whiskey and went to trial on the single indictment of three counts charging attempt to bribe an officer of the United States. One of the bribery counts was dismissed and the petitioner was found guilty on the remaining two counts of bribery.

■ There is no showing that the physical evidence obtained as a result of illegal search, assuming such assertion to be true, was admitted into evidence at the bribery trial, or if so, that it was objected to. (United States ex rel. Reid v. Richmond, 2 Cir., 295 F.2d 83, 89). The plea of guilty, apparently made voluntarily, in the violations concerning the whiskey may waive the claim of illegal search and seizure. (United States ex rel. Vaughn v. LaVallee, Warden, 2 Cir., 318 F.2d 499; Thomas v. United States, 9 Cir., 290 F.2d 696, 697). First, therefore, on the merits, it is my judgment there is insufficient showing to support habeas corpus relief. Townsend v. Sain, 372 U.S. 293, 311–312, 83 S.Ct. 745, 9 L.Ed.2d 770). The petitioner bases his right upon the new ruling in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), but if he had merit to his claim he does not need this new extension of illegal search and seizure to the States, because at the time of his trial in 1952, such evidence was barred in federal prosecution if properly shown to have been obtained illegally. (Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914)).

■ More important, however, even if I were to assume there were federal merit to the claim I would not entertain this petition. It is arguable, of course, that the ruling in LaNear is so broad that it may bestow the right upon a state prisoner to challenge directly in this District Court federal convictions as well as State when used to sentence as a multiple offender. However, it seems to me poor policy, providing additional cause for disorder and confusion, to have one United States District Court voiding convictions of another without making any effort to move or challenge under the broad provisions of 28 U.S.C.A. § 2255 and its liberal interpretation for use by the highest authority. (Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148). The dominant concern in LaNear, as I read it, was with foreign state convictions where there may have been unavailability for review. That is not true of the federal convictions. (See United States v. Morgan, 2 Cir., 202 F.2d 67). It is common sense that a prisoner's challenge can best be weighed by the court which convicted him. (Matter of Morhous v. Supreme Court of N. Y., 293 N.Y. 131, 139, 56 N.E.2d 79; People v. Wilson, 18 A.D.2d 424, 239 N.Y. S.2d 900). Moreover, to interpret LaNear as this petitioner wants it would disregard the specific prohibition in the concluding paragraph of 28 U.S.C.A. § 2255 that an application for habeas corpus shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the Court which sentenced him, or that such Court denied him relief.

The petition is denied and dismissed. The papers shall be filed without the prepayment of fee.

It is so ordered.