Chief Judge Desmond.
Appellant would have us reconsider and revise the rule announced by this court in 1949 in People v. McCullough (300 N.Y. 107). The McCullough holding was that when a felony conviction in another jurisdiction has been used as one of the bases for sentencing defendant as a multiple offender in this 'State (Penal Law, §§ 1941 or 1942) the courts of this State will not grant a hearing, in either coram nobis or habeas corpus proceedings, on an allegation by defendant that his out-of-State conviction was void since he had not been advised by the out-of-State court of his right to counsel. The rationale of McCullough was stated thus (p. 110): first, that ‘1 a defendant may not in this State challenge the validity of a judgment of a court of another jurisdiction by coram nobis ”, and, second, that ‘ ‘ since defendant does not here assert that *279 the Federal court lacked jurisdiction of his person or of the offense charged against him, he may not in this State question its judgment by writ of habeas corpus ”.
In 1948 in the former Court of General Sessions of New York County defendant Alfred Wilson was convicted of attempted murder in the second degree and sentenced as a second felony offender to imprisonment for from 25 to 50 years. The previous felony judgment referred to was a 1931 conviction in a Florida State court of murder in the first degree. The charge in General Sessions that defendant was a second offender was laid by an information, the truth of which defendant admitted at the time of his sentencing in 1948. The coram nobis proceeding now before us was commenced by him in 1962 by a petition accompanied by affidavits which asserted that when convicted in 1931 in Florida defendant was not represented by counsel or advised or aware of his right to counsel. Also annexed were affidavits by the Clerk and Deputy Clerk of the Florida court stating that they had examined the records of that court and that on the basis of such examination and of their experience it was their opinion that defendant was not represented by counsel at the time of his guilty plea and sentence in Florida in February, 1931. Attached, too, to the petition was an affidavit of a Florida attorney who had been practicing in the Florida court since 1928 and who swore that he was familiar with the practices followed in that court in 1931 including procedures and custom pursuant to which, unless by special request, a defendant who pleaded guilty was not assigned counsel.
Defendant Wilson would have it that New York State is denying him his' Fourteenth Amendment rights by failing to provide him a forum in which he can show forth the constitutional invalidity of his Florida conviction. This is based on a sort of dictum in the Second Circuit’s 1962 decision in United States ex rel. La Near v. La Vallee (306 F. 2d 417, 420) which says in substance that New York disregards a prisoner’s constitutional rights when it increases the sentence because of a former conviction which had been obtained in violation of a defendant’s constitutional rights. No one disputes that if defendant’s Florida sentence was imposed in violation of the Federal Constitution he must be afforded some remedy for setting it aside. However, our immediate question is whether New York State *280 must make such a remedy available before it can use that Florida judgment as a predicate for increased punishment in New York. That question answers itself and in the negative. Coram nobis proceedings must by their very nature be brought in the court which entered the judgment under attack (see Matter of Lyons v. Goldstein, 290 N. Y. 19) and under settled New York rules (as we pointed out in People v. McCullough, 300 N. Y. 107, 110, 111, supra) habeas corpus cannot be used in this State for this purpose since that remedy comes into use only when the court entering the judgment attacked was without jurisdiction of the person or lacked jurisdiction of the crime. According to McCullough, therefore, the Florida judgment stands and ‘ ‘ the courts of this State have no alternative but to treat the conviction as an effective predicate for multiple offender punishment under section 1941 or section 1942 of the Penal Law ” (supra, p. 111).
It is argued that these McCullough (supra) holdings are cast in doubt or destroyed by United States ex rel. La Near v. La Vallee (306 F. 2d 417, supra). That decision recognizes that under McCullough and other cases “New York provides no method for testing the validity of convictions by other sovereigns used as a basis for New York sentences under its multiple offender law ”. The actual holding of La Near is that in such a situation the alleged multiple offender may without exhausting his out-of-State remedies, if any, seek Federal habeas corpus relief. This in a way fills the gap otherwise left open by McCullough but it furnishes no reason for a revision or rejection by us of the Mc'Cullough doctrine. It demonstrates that defendant has a remedy although not in the New York courts.
If the refusal of our courts to try out the constitutional validity of the out-of-State criminal judgment amounted to a denial of defendant’s fundamental rights, we would have to find some other way of protecting those rights no matter what the procedural difficulties and burdens. But, since New York State is under no duty of providing a forum for such an attack on a foreign judgment and since our State (see People v. McCullough, 300 N. Y. 107, supra) can take and use the Florida conviction at its face value, we can consider the expenses and difficulties in deciding whether the coram nobis remedy^ as now available in *281 our State should he further extended for this particular purpose. Even if our State courts (as distinguished from our State Legislature) are empowered to make such an extension of coram nobis coverage we should certainly hesitate to do so. Our already overburdened trial courts would be hard put to it to provide the time and machinery and evidentiary and other processes required for adequate examination of the validity of criminal judgments of the various Federal and State courts.
It is, of course, settled that a New York State court will entertain and act on a coram nobis petition which prays for the setting aside of a prior conviction in that same court and if the allegations of the petition are proven will direct that the multiple offense conviction be corrected so as to eliminate therefrom any additional punishment visited upon the petitioner because of the invalidated earlier criminal judgment.
Subsequent offender statutes (which are ancient in the law, Graham v. West Virginia, 224 U. S. 616, 622) violate no constitutional rights since they do no more than describe circumstances under which increased punishment may be imposed by a sovereignty (Ross’ Case, 2 Pick. [Mass.] 165 [1824]; Moore v. Missouri, 159 U. S. 673; McDonald v. Massachusetts, 180 U. S. 311; Graham v. West Virginia, 224 U. S. 616, supra; Gryger v. Burke, 334 U. S. 728, 732; Johnson v. People, 55 N. Y. 512; People ex rel. Cosgriff v. Craig, 195 N. Y. 190; People v. Gowasky, 244 N. Y. 451). We find in the authorities no suggestion that the circumstances or incidents of the earlier adjudication must be inquired into — in People v. Carlesi (208 N. Y. 547, affd. 233 U. S. 51) it was held that recidivist treatment may be given even as to a former Federal offender who had received a presidential pardon.
The order should be affirmed.