407 P.2d 356

STATE of New Mexico, Plaintiff-Appellee,

v.

Floyd Earl DALRYMPLE, Defendant-Appellant.
No. 7857.
Supreme Court of New Mexico.

Nov. 1, 1965.

Hinkle, Bondurant & Christy, Michael R. Waller, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Oliver E. Payne, Deputy Atty. Gen., Roy G. Hill, Frank Bachicha, Jr., Asst. Attys. Gen., Santa Fe, for appellee.

MOISE, Justice.

On November 27, 1964, appellant pleaded guilty to one count of robbery contrary to § 40A–16–2, N.M.S.A.1953. On the same date, an information was filed charging him with being a habitual offender in that he had been convicted in 1958, 1960 and 1963 in Texas of crimes which if committed in New Mexico would have been felonies, and sentencing as provided in § 40A–29–5,

N.M.S.A.1953, was sought. A plea of not guilty to the charge was entered, and on January 7, 1965, appellant was tried before a jury on the issue of the prior convictions. Proof was made by introducing duly exemplified and authenticated copies of the proceedings in each case.

Appellant testified that although the records indicated in each of the Texas convictions that he had been represented by counsel, in fact he had only pro forma representation and that he had in effect received no assistance from the attorneys in preparing a defense.

Thereafter, on motion of the district attorney, the evidence of appellant was stricken by the trial court as a collateral attack on the Texas judgments. A second ground asserted for striking the evidence was to the effect that the proof would not permit reasonable minds to differ as to whether questions of the adequacy of counsel had been effectively waived in the Texas proceedings. The court, in ruling on the motion, stated that if a collateral attack were permissible, the issue of whether representation by counsel was effective or waived was one which would have to be presented to the jury. However, because the court was of the opinion that no collateral attack could be made on proceedings which appeared regular on their face, the motion to strike appellant's evidence was sustained. The jury was instructed that it was to determine only if appellant was the same person who had been convicted in each of the Texas proceedings, and that it was not to consider appellant's testimony concerning his lack of representation, the same being an improper collateral attack on a judgment of a court of another state, fair and proper on its face. The jury brought in a verdict finding appellant was the same person convicted in each of the Texas cases, whereupon he was sentenced to serve "the rest of his natural life" as required by § 40A–29–5(C), N.M. S.A.1953. From that judgment and sentence this appeal is prosecuted.

Appellant has been represented by counsel in all proceedings in this cause. His only contention here goes to the question of whether he had a right to show as a defense to the charge under the habitual criminal act that he had only had pro forma representation by counsel in the three Texas proceedings so that he was denied due process of law, and his convictions were accordingly void.

■ That absent competent and intelligent waiver, a person charged with crime in a state court who is a pauper and unable to employ counsel is entitled to have an attorney appointed to defend him, is not open to question. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733. It is beyond doubt that this decision is to be applied retroactively. United States ex rel. Durocher v. LaVallee (C.A.2, 1964) 330 F.2d 303, cert. den. 377 U.S. 998, 84 S.Ct.1921, 12 L.Ed.2d 1048;

Pickelsimer v. Wainwright, 375 U.S. 2, 84 S. Ct. 80, 11 L.Ed.2d 41. It is equally clear that the representation to which a defendant is entitled is something more than a pro forma appearance. Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L. Ed. 377; Brubaker v. Dickson (C.A.9, 1962) 310 F.2d 30, cert. den. 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143; Turner v. State of Maryland (C.A.4, 1962) 303 F.2d 507; Pineda v. Bailey (C.A.5, 1965) 340 F.2d 162.

Recognizing the rules as thus stated, we come to the proposition of whether or not the question of the adequacy of representation so as to meet the requirements of due process in a prior trial and conviction in another state may be raised as an issue under our habitual criminal statute.

Section 40A–29–7, N.M.S.A.1953, reads as follows:

"The court wherein a person has been convicted of a felony and where such person has been charged as a habitual offender under the provisions of sections 29–5 and 29–6 [40A–29–5 and 40A–29–6], shall cause such defendant, whether confined in prison or otherwise, to be brought before it, shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require the defendant to say whether he is the same person as charged in the information or not. If the defendant denies being the same person or refuses to answer, or remains silent, his plea or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire if the offender is the same person mentioned in the several records as set forth in the information. If the jury finds that the defendant is the same person and that he has in fact been convicted of such previous crimes as charged, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person and that he has in fact been convicted of such previous crimes as charged, then the court shall sentence him to the punishment as prescribed in section 29–5 [40A–29–5] governing habitual offenders, and the court shall thereupon deduct from the new sentence all time actually served on the next preceding sentence and the remainder of the two [2] sentences shall run concurrent."

It would appear from the language quoted that the only issue to be determined is whether the defendant is the same person who was previously convicted of other crimes as charged. But if the convictions were in trials where there was a denial of due process, can they be considered as prior convictions?

The State would have us adopt the rule announced in New York in People v. Mc-

Cullough, 300 N.Y. 107, 89 N.E.2d 335, decided in 1949, wherein it was held that when a felony conviction from another jurisdiction has been used as a base for an increased penalty under the New York multiple offender law, an allegation by the defendant that the foreign state conviction was void because he was not advised of his right to counsel, cannot be heard in New York either under a writ of error coram nobis or under habeas corpus.

In United States ex rel. Savini v. Jackson (C.A.2, 1957) 250 F.2d 349, 354, we find the court saying the following concerning the responsibility of New York under its multiple offender law:

"The appellant stressed the difficulty of the State in such a case as this in meeting an attack on the constitutionality of a conviction in a sister State, urging that to alleviate that burden the courts should adopt a drastic rule of evidence whereby clear and convincing evidence is required to support a finding of lack of due process. Obviously, it *is* a great burden for the State to find and bring on for hearing in New York witnesses, including official court personnel, from distant sister States. Also great is the burden of transporting a prisoner from New York to a distant State and there contest the validity of a conviction in the court in which it occurred. But the burden, we suggest, is an inescapable incident to legis-

lation such as the New York Multiple Offender Law. To the extent that any State makes its penal sanctions depend in part on the fact of prior convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions. Constitutional guarantees should not be shorn of their vitality merely to facilitate the administration of a penal policy whereby the sentence on one conviction depends in part on a prior conviction.

"The court below ruled that the New York sentence under which the relator is presently detained was illegal in that it depended upon a prior conviction in Michigan which was unconstitutional: to that extent it sustained the writ. It ordered, however, that the relator be remanded pending proceedings to be promptly taken for his return to the County Court of Queens County for resentence."

Again in 1962, the U. S. Court of Appeals had occasion to pass on the situation in New York in the case of United States ex rel. LaNear v. LaVallee (C.A.2, 1962) 306 F.2d 417, 420, wherein we find the following:

"Only in form is LaNear's complaint over what Missouri allegedly did; in every practical sense his grievance is over what New York is doing with what Missouri did. Missouri's allegedly unconstitutional action against him

had spent its force until New York made it a legal basis for increased sanctions of its own. * * * That the violation of due process in such cases is by New York, not by the foreign state, is neatly demonstrated by the decisions permitting a prisoner to show that a Canadian conviction used as a basis for a multiple offender sentence was obtained by methods that would offend the Fourteenth Amendment if the judgment had been rendered by a state court, United States ex rel. Dennis v. Murphy, 265 F.2d 57 (2 Cir. 1959); United States ex rel. Foreman v. Fay, 184 F.Supp. 535 (S.D.N.Y.1960). The alleged violation of constitutional right thus being New York's and New York having provided no method for questioning an out-state conviction used as a basis for a multiple-offender sentence, a New York prisoner challenging the validity of such a conviction on constitutional grounds may proceed directly in a Federal court. * * *"

Thereafter, in People v. Wilson, 13 N.Y. 2d 277, 246 N.Y.S.2d 609, 196 N.E.2d 251, decided in 1963, the New York Court of Appeals reaffirmed its position as announced in People v. McCullough, supra, insofar as collateral attacks in coram nobis or habeas corpus proceedings are concerned.

To complete the New York picture we also note that by Chap. 446 of the Laws of 1964, the New York legislature amended its penal laws to provide that a defendant, on arraignment as a multiple offender, could question the constitutionality of prior convictions relied on to increase the sentence to be imposed. In People v. Cornish, 21 A.D.2d 280, 250 N.Y.S.2d 233, 235–236, the following is stated concerning the law of New York both before and after the 1964 amendment:

"When the present proceeding was instituted there was no available State remedy to correct a multiple offender sentence predicated upon out-of-state convictions rendered in violation of the constitutional right to counsel (People v. Wilson, 13 N.Y.2d 277, 246 N.Y.S.2d 608, 196 N.E.2d 251; see, as to right to counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799). Relief was obtainable, however, by Federal habeas corpus (United States ex rel. LaNear v. LaVallee, 306 F.2d 417 [2d Cir.]). This was a matter of grave concern to this Court when People v. Wilson was before it, but this Court was bound by the rule in People v. McCullough, 300 N.Y. 107, [246 N.Y.S.2d 609,] 89 N.E.2d 335. As a result it was concluded that, under existing authority, relief in an applicable case could not be afforded either by way of coram nobis, resentence, or habeas corpus (18 A.D.2d 424, 239 N.Y.S. 2d 900). When the Wilson case was af-

firmed by the Court of Appeals, resolution of the problem through the decisional law was foreclosed. * * *"

The court went on to discuss the previously noted amendment to the penal code, stating:

"In consequence there is now a State remedy on sentence for challenge of prior convictions under the multiple offender law on the ground that the predicate convictions were rendered in violation of constitutional limitations. As a corollary, any irregularity or illegality in the sentencing procedure, which now embraces the opportunity for such challenge, may be corrected on a motion for resentence (e. g., People v. MacKenna, 298 N.Y. 494, 84 N.E.2d 795; 24 C.J. S. Criminal Law §§ 1587–1590; for a discussion of the remedy, see People v. Wilson, 18 A.D.2d 424, 427–428, 239 N.Y.S.2d 900, 903–904, supra). * *"

Thus it is seen that although New York had denied the right to collaterally attack a conviction from another state in a coram nobis proceeding or in a habeas corpus proceeding, it has never held that it could not be done in circumstances such as are here present. As a matter of fact, Judge Fuld, the author of People v. McCullough, supra, in a special concurring opinion in People v. Wilson, supra, suggested that possibly the method followed by appellant here might be proper, and by statute in New York it is now specifically authorized. See United States ex rel. Bagley v. LaVallee (C.A.2, 1964) 332 F.2d 890.

We have already cited and quoted from United States ex rel. LaNear v. LaVallee, supra, and United States ex rel. Savini v. Jackson, supra. In addition to what was there said, we find the Supreme Court of the United States, in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, 451, in an opinion concurred in by a majority of the court, having the following to say:

"* * * It is, of course, true that identity is not the only issue presented in a recidivist proceeding, for, as pointed out by Mr. Justice Hughes (later Chief Justice) when this Court first reviewed West Virginia's habitual criminal law, this statute contemplates valid convictions which have not been subsequently nullified. Graham v. West Virginia, [224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917,] supra. A list of the more obvious issues would also include such matters as whether the previous convictions are of the character contemplated by West Virginia's statute and whether the required procedure has been followed in invoking it. Indeed, we may assume that any infirmities in the prior convictions open to collateral attack could have been reached in the recidivist proceedings, either because the state law so permits or due process so requires. * * *"

and in the dissenting opinion (368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, 455) in which four justices joined, we find the following stronger and more direct statement:

"A hearing under these habitual-offender statutes requires 'a judicial hearing' in order to comport with due process. Chandler v. Fretag, 348 U.S. 3, 8 [9], 75 S.Ct. 1, 4, 99 L.Ed. 4. The Chandler Case held that denial of an opportunity for an accused to retain a lawyer to represent him deprives him of due process. And see Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442. If due process is to be satisfied, the full procedural panoply of the Bill of Rights, so far as notice and an opportunity to defend are concerned, must be afforded the accused. The charge of being an habitual offender is as effectively refuted by proof that there was no prior conviction or that the prior convictions were not penitentiary offenses as by proof that the accused is not the person charged with the new offense. The charge of being an habitual offender is also effectively refuted by proof that the prior convictions were not constitutionally valid as, for example, where one went to trial without a lawyer under the circumstances where the appointment of someone to represent him was a requirement of due process. Denial or absence of counsel is an issue raisable on collateral attack of state judgments. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398. That is an inquiry that should also be permitted in these habitual-offender cases, if the procedure employed is to satisfy due process.

"I mention the right of counsel merely to underline the gravity of these accusations. Unless any infirmities in the prior convictions that can be reached on collateral attack can be reached in these proceedings, the wrong done is seriously compounded.

"As I understand it, the opinion of the Court concedes as much. * * *"

We are impressed that the only reason the court did not hold directly in accord with what was said in the dissenting opinion, was the failure of the defendant to raise the issue, and if he had done so, the duty to permit the collateral attack was absolute in order to comport with due process requirements.

 We see nothing in our statute which in any way prevented the trial court from hearing evidence directed at the question of the validity of the prior convictions. See State v. Powers, 75 N.M. 141, 401 P.2d 775. As a matter of fact, when in § 40A–29–7, supra, it is stated, "If the jury finds that the defendant is the same person

and that he has in fact been convicted of such previous crimes as charged * * *" certainly it must have been contemplated that the convictions were valid and not void because of some constitutional defect. If void, they would be nullities and not convictions. Carver v. Boles (W.Va.1965) 142 S.E.2d 731; Compare Sneed v. Cox, 74 N. M. 659, 397 P.2d 308.

Since the question of the right to present the same type of evidence as was here tendered in a habeas corpus proceeding is not before us, we express no opinion on whether it would be admissible. Neither do we consider if the tendered evidence would have supported a conclusion that the prior convictions were void. Rather, we are convinced that the evidence was admissible and that the court erred in sustaining the motion to strike and in not considering the evidence in determining if appellant had been adequately represented when he was charged and pleaded guilty to each of the offenses in Texas. See Oyler v. Boles, supra, note 9.

We are also extremely conscious of the fact that this holding will open the door to attacks on previous convictions whenever a habitual criminal charge is filed, and that the state may thereby be placed at great expense to support the validity of prior convictions. None the less, we see no escape from the conclusion reached and would subscribe to what was said by the federal Court of Appeals for the Second Circuit in United States ex rel. Savini v. Jackson, supra.

It follows from what has been said that the determination that the defendant was a habitual criminal appealed from in this case must be reversed and the cause remanded to the trial court with instructions to grant appellant a new trial.

It is so ordered.

CARMODY, C. J., and CHAVEZ, NOBLE and COMPTON, JJ., concur.