THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT S. CORNISH, Appellant.

First Department, June 2, 1964.

*Leon B. Polsky* for appellant.

*Michael R. Stack* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

BREITEL, J. P. Defendant appeals from an order denying, without a hearing, his motion in the nature of writ of error *coram nobis*. His principal contention is that prior Pennsylvania convictions, upon the predicate of which he was sentenced in this State as a fourth felony offender, were rendered in violation of constitutional limitations, namely, that he was not informed of his right to counsel and that he was not represented by counsel at any stage of the proceedings.

The issue is whether either *coram nobis* or a motion for resentence affords a proper remedy under the newly enacted amendment to section 1943 of the Penal Law (L. 1964, ch. 446). Involved too is whether the new amendment is to be applied retrospectively and whether defendant's averments are sufficient to warrant a hearing whatever the procedural remedy. While it is concluded that defendant's averments are insufficient because merely conclusory and that *coram nobis* is not the proper remedy, the disposition should be without prejudice to defendant making a motion for resentence on proper averments of facts.

Defendant was convicted in 1936 in New York County of robbery in the first degree, after a trial. On sentence, the District Attorney filed an information, pursuant to sections 1942 and 1943 of the Penal Law, charging him with four prior felony convictions in Pennsylvania. Defendant was determined to be a fourth (or fifth) felony offender and was sentenced to 30 years to life imprisonment. It is this multiple felony offender sentence which defendant attacks on the grounds that the prior convictions did not constitute felonies under New York law and that he was deprived in each of the Pennsylvania cases of his constitutional right to counsel.

The People concede that at least one of the prior convictions is vulnerable under the rule in *People* v. *Olah* (300 N. Y. 96) because the Pennsylvania larceny conviction did not depend upon the value of the property stolen, despite the recital in the Pennsylvania court record of a value which would constitute a felony in New York.[1] But discounting this prior larceny conviction, there would still remain three others, subject to defendant's attack on constitutional grounds, which are sufficient in number to justify the 1936 sentence.

When the present proceeding was instituted there was no available State remedy to correct a multiple offender sentence

---

1. The elimination of this larceny conviction on the ground that it does not constitute a New York felony may be accomplished on a motion for resentence. It may not be done on the present motion (*People* v. *McCullough*, 300 N. Y. 107; *People* v. *MacKenna*, 298 N. Y. 494).

predicated upon out-of-State convictions rendered in violation of the constitutional right to counsel (*People* v. *Wilson*, 13 N Y 2d 277; see, as to right to counsel, *Gideon* v. *Wainwright*, 372 U. S. 335). Relief was obtainable, however, by Federal habeas corpus (*United States ex rel. LaNear* v. *La Vallee*, 306 F. 2d 417). This was a matter of grave concern to this court when *People* v. *Wilson* was before it, but this court was bound by the rule in *People* v. *McCullough* (300 N. Y. 107). As a result it was concluded that, under existing authority, relief in an applicable case could not be afforded either by way of *coram nobis*, resentence, or habeas corpus (18 A D 2d 424). When the *Wilson* case was affirmed by the Court of Appeals, resolution of the problem through the decisional law was foreclosed.

The Court of Appeals decision in the *Wilson* case was handed down December 30, 1963. Promptly thereafter, because of the threat to the constitutionality of the multiple offender statutes, law enforcement officials of the State, with the co-operation of the Commission on Revision of the Penal Law and Criminal Code, procured the introduction and passage of legislation to provide a statutory remedy to fill the gap. Five days before this case was argued in this court, the Governor approved the bill which became chapter 446 of the Laws of 1964. It amends section 1943 of the Penal Law to provide that upon arraignment of a defendant as a multiple offender he may raise the unconstitutionality of any predicate conviction relied upon, whether rendered in or out of the State, and that a failure to do so shall constitute a waiver " unless good cause be shown for his failure to make timely challenge." It was further provided that the amendment should take effect immediately.

In consequence there is now a State remedy on sentence for challenge of prior convictions under the multiple offender law on the ground that the predicate convictions were rendered in violation of constitutional limitations.[2] As a corollary, any irregularity or illegality in the sentencing procedure, which now embraces the opportunity for such challenge, may be corrected on a motion for resentence (e.g., *People* v. *MacKenna*, 298 N. Y. 494; 24 C. J. S., Criminal Law, §§ 1587–1590; for a discussion of the remedy, see *People* v. *Wilson*, 18 A D 2d 424,

---

2. Prior to the new statute, there was a State remedy in *coram nobis* for eliminating an unconstitutional New York predicate conviction after sentence under the multiple offender law (*Matter of Bojinoff* v. *People*, 299 N. Y. 145). Under the new statute *coram nobis* is no longer the appropriate emergency remedy (*People* v. *Sullivan*, 3 N Y 2d 196) since there is now a remedy on sentence.

427–428, *supra*). The District Attorney agrees that a defendant who wishes to show good cause for having failed to make timely challenge on sentence as a multiple offender is entitled to make a motion for resentence. The availability of such a procedure, of course, precludes the use of *coram nobis* as a remedy, and removes the occasion for State habeas corpus as a mode of relief. The only question which remains is whether the new statute is retrospective and applicable in a case such as this.

The District Attorney urges that the new statute be given retrospective effect. He points out that the purpose of the legislation was to protect the constitutional status of the multiple offender law and to prevent the referral of " constitutional assertions to Federal courts " by reason of this State " shutting its courts to claims of imprisonment by virtue of nugatory judgments " as " alien to all concepts of fealty to the supreme law of the land." Defendant's able assigned counsel, who was also assigned counsel for the defendant in *People* v. *Wilson* (*supra*) urges the same retrospective construction.

Remedial statutes are usually applied to cases as they arise, whether or not past transactions are involved. It is especially true that the new remedy will be applied to past transactions if the reason for the enactment extends to them. (E.g., *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 270–271; *Laird* v. *Carton,* 196 N. Y. 169, 171–174; *Matter of Robinson* [*Catherwood*], 11 A D 2d 374; 82 C. J. S., Statutes, § 416.)

In this area it is always important to make certain that the new remedy created does not also create the right with reference to which it is a remedy. This is the teaching of *Jacobus* v. *Colgate* (217 N. Y. 235, 240–242). The fact here is that defendant always had a constitutional right, but no State remedy, to challenge the predicate convictions. The new statute merely provides that remedy; it did not create the right which pre-existed the statute.

The strongly felt need to afford redress to convicted persons from increased sentences based upon invalid prior convictions was reflected in the memorandum of the Governor approving the bill.[3] It would not be in keeping with this expressed policy

---

3. The memorandum reads:

" This bill would amend the Penal Law to establish a post-conviction procedure under which a person, accused of being a multiple offender, could challenge the constitutionality of a prior conviction forming the basis for the multiple offender accusation.

" At present, a person who is convicted of a felony in the courts of this State may be sentenced to additional punishment if he has previously been convicted anywhere of certain crimes. If the prior conviction was obtained

and with due respect for fundamental constitutional principles to restrict the statute to future convictions. The manifest undesirability of the result of the *Wilson* case was recognized. It, like this one, involved a past conviction, and the statute was enacted in response to the case. Thus the history of the statute is strong, if not irrefutable, evidence of intention to imply retroactivity. In the absence of any loss of any private, individual, or valid public right, there is no practical or theoretical impediment to a retrospective application. Indeed, confronted with the critical need for a remedy to serve constitutional requirements, there is every encouragement for such a construction. A contrary conclusion would mean that a portion of the pending and future cases, those involving past convictions, would be relegated to Federal habeas corpus, available only because of a gross violation of constitutional standards by the State, while the remainder would be afforded redress by this State. There is no indication that such an anomalous and discriminatory result was intended.

Moreover, the status of the multiple offender law, if there be no effective State remedy to correct past unconstitutional applications, is seriously jeopardized. In *Oyler* v. *Boles* (368 U. S. 448, 454) it was assumed by the Supreme Court that State recidivist proceedings provided opportunities for recognition of the infirmities in predicate convictions "because the state law so permits or due process so requires", to which the court footnoted the comment: "The fact that the statute expressly provides for a jury trial on the issue of identity and is silent as to how other issues are to be determined does not foreclose the raising of issues other than identity. This is especially clear in the case of legal issues, such as the petitioners now raise, where a jury trial would be inappropriate." The court did not

---

in New York and the accused person desires to challenge its constitutionality, our laws afford him adequate procedures for doing so. However, if the prior conviction was had in another jurisdiction there is presently no procedure under the laws of this State for challenging the conviction, no matter how patently unconstitutional that conviction might be.

"To deny a defendant a forum in this State in which to contest the validity of a conviction on the basis of which this State seeks to deprive him of his liberty is not in keeping with the high traditions of this State in the protection of the rights of the accused. This bill — which is supported by the Attorney General, the office of the District Attorney of New York County and the Chairman of the Commission on Revision of the Penal Law and Criminal Code, among others — would fill a gap which now exists in our law governing the administration of criminal justice.

"The bill is approved.

"(Signed)     NELSON A. ROCKEFELLER"

reach the question only because it held that in the pending case there had been an actual waiver of any challenge to the predicate convictions. But four dissenting Justices did reach the question and would have held the State statute in that case unconstitutional for providing insufficient procedure to raise constitutional challenge to the predicate convictions, including that based on deprivation of counsel.

Consequently, it should be held that the new statute is retrospective in effect and that the affirmance in this case of the order denying defendant's application in *coram nobis,* should be without prejudice to a motion for resentence on the same grounds presented in the petition. But such an application should consist of more than conclusory allegations and should recite the facts, supported by available affidavits and records from Pennsylvania. A model for such supporting material may be found in *People* v. *Wilson* (*supra*) and is described in detail in the Court of Appeals and Appellate Division opinions (13 N Y 2d 277, 279; 18 A D 2d 424, 425).

Accordingly, the order denying defendant's motion in the nature of writ of error *coram nobis* should be affirmed, without prejudice to a motion for resentence, if defendant be so advised, on proper papers asserting facts and supported by corroborative affidavits and public records, together with the facts defendant claims constitute good cause for not having made timely challenge as required by the statute.

McNally, Stevens, Eager and Steuer, JJ., concur.

Order, entered on April 2, 1962, denying defendant's motion in the nature of writ of error *coram nobis,* unanimously affirmed, without prejudice to a motion for resentence, if defendant be so advised, on proper papers asserting facts and supported by corroborative affidavits and public records, together with the facts defendant claims constitute good cause for not having made timely challenge as required by the statute.