Miles F. McDonald, J.
This is an application for an order to resentence the defendant as a second felony offender rather than a third felony offender upon a judgment dated April 29, 1960, which convicted defendant on his own plea of guilty of attempted possession of burglar’s tools as a felony and sentenced the defendant as a third felony offender to a term of imprisonment of 5 to 7 years.
It is well to note that even if this defendant is successful on this application and resentenced as a second felony offender instead of a third felony offender, the court would not be compelled to reduce the sentence. The sentence imposed upon a second felony offender would be the same as heretofore imposed. The apparent purpose of the making of the present application is an attempt by the defendant to avoid facing conviction as a fourth felony offender should he after his release prepare himself for a further career in crime.
The present application was instituted by the defendant in person by petition based upon an averment that the defendant’s conviction on his own plea of guilty in the District Court for the Third Judicial District, Lancaster County, Nebraska, of the crime of forgery on December 4,1951, was obtained in violation of his constitutional rights. The defendant claims that he was not advised of his right to counsel and did not understandingly and intelligently waive such right.
The defendant relies upon the recent decision of the Appellate Division, First Department, in People v. Cornish (21 A D 2d 280) in which the court held that the amendment to section 1943 of the Penal Law (L. 1964, ch. 446) is retrospective in *1016 effect, and that therefore the defendant making allegations such as are here made, upon a rdotion of the instant kind, shall have the question of the constitutionality of the prior foreign judgment adjudicated in this court.
The instant application was granted to the extent that the matter be set down for a hearing before this court on August 24, 1964, and an order was made and entered July 22,1964 directing that the defendant be produced in this court for a hearing. The court assigned Anthony F. Marra, Esq., of the Legal Aid Society to represent the defendant. A full and complete hearing was held by this court on August 24,1964, at which hearing the defendant testified and offered his proof concerning the allegations set forth in his petition.
Prior to the amendment to section 1943 of the Penal Law, a defendant could not in this State challenge the validity of the judgment of a court of another State by coram nobis or by habeas corpus (People v. McCullough, 300 N. Y. 107; People v. Wilson, 13 N Y 2d 277).
The amendment to section 1943 provides that an accused multiple offender must be advised of his right to challenge a previous out-of-State conviction as being unconstitutional at the time he is arraigned as a multiple offender; and if he objects the court must determine the matter ‘1 without empanelling a jury.” It is further provided that the failure of the person accused to challenge a previous conviction constitutes ‘ ‘ a waiver on his part of any allegation of unconstitutionality unless good cause be shown for his failure to make timely chállenge.”
The first question to be determined is whether or not the People or the defendant have the burden of proof to establish the constitutionality or unconstitutionality of the out-of-State conviction. Second, what standard of proof is required? This court is of the opinion that the remedy now given to a defendant arraigned on an information charging him with being a multiple offender to challenge an out-of-State conviction gives him no greater right than would be given to him if he were to attack by way of writ of error coram nobis a prior felony conviction obtained in a court of this State. In a coram nobis proceeding attacking such conviction, the burden of. proof would be on the defendant. . Once a. hearing is granted, ihe'-defeiidant would'fiave the burden of proving a deprivation 'of his" constitutional -"rights [People v. Oddo, 283 App. Div. 497; People v. Chait, 7 A D 2d 399, affd. 6 N Y 2d 855). His contentions' would have ■ to be' established clearly and convincingly by a. preponderance of the credible evidence.
*1017 In People v. Chait (supra, pp. 401-402) the court stated:
“ The burden is at times a heavy one, and appropriately so, for judgments of long standing are not lightly to be overturned years, or even, as in this case, more than a generation after the event, when witnesses may no longer be available or can no longer be expected to recall the circumstances surrounding the entry of judgment in one particular ease. This holds true especially for the People’s witnesses, who are usually judicial or nonjudicial court personnel involved in the processing of thousands of cases in the intervening period of time.
“ The very existence of the judgment in and of itself gives rise to a strong presumption of regularity — a presumption that those charged with the administration of justice have performed their duties properly (People ex rel. Asaro v. Morhous, 268 App. Div. 1016, appeal dismissed 294 N. Y. 694; People v. Lake, 190 Misc. 794, appeal dismissed 299 N. Y. 675). Such a presumption will give way only to substantial contrary evidence (People v. Richetti, 302 N. Y. 290, 298).
‘1 In the event that such proof is submitted by a petitioner destructive of the presumption that the constitutional proprieties were observed, the People can no longer rely on the fact of the conviction itself, but must come forward with independent evidence to sustain its regularity (Matter of Bojinoff v. People, 299 N. Y. 145, 150, 151, supra,). Such evidence may consist of stenographic minutes, docket entries, testimony of participating parties, or independent recollection. (See Frank, Coram Nobis, § 4.02, subd. [b].) If the additional evidence tends to support the regularity of the judgment, the petitioner must then establish failure to afford him the rights and protection guaranteed him by State and Federal Constitutions and statutes by a preponderance of the entire evidence. The facts in every case must be tested against these standards.”
The factual question that the court is called upon to determine is whether the defendant was in fact advised of his right to counsel and that he consciously and knowingly waived such right, being cognizant of his constitutional rights to have counsel appointed for him.
It is well settled that a waiver of the right to counsel must be made ‘ ‘ understanding^ competently and intelligently” (Matter of Bojinoff v. People, 299 N. Y. 145, 151; Johnson v. Zerbst, 304 U. S. 458 ; Von Moltke v. Gillies, 332 U. S. 708, 729 ; People v. Richetti, 302 N. Y. 290). The defendant, in waiving, must act “ affirmatively, voluntarily and consciously.” (People v. Guariglia, 303 N. Y. 338, 342.) There is in law a presumption *1018 against the waiver of counsel and this presumption can be overcome only by an affirmative showing of an intelligent waiver of the known right to counsel (Johnson v. Zerbst, supra). While it is true that the very existence of the judgment in and of itself gives rise to a strong presumption of regularity, such presumption of regularity does not apply to a case where the records are silent as to whether a defendant had counsel or waived his right. Such is not the case here.
In Johnson v. Zerbst (supra, p. 464) the court stated: “A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.”
At the hearing the defendant testified that he was 48 years old; that he was charged with the crime of forgery and appeared before the Third Judicial District Court of the State of Nebraska in and for the County of Lancaster, on December 3,1951, at which time he was 35 years of age.
The defendant, on direct examination, testified that when he appeared before the court on December 4, 1951, he never was asked if he wanted counsel assigned to him. He testified that an information was read to him and that after it was read he was asked if he was guilty or not guilty of the crime charged and that he pleaded guilty and was sentenced the next day. The District Attorney offered and introduced into evidence a certified copy of the official records of the Nebraska court records, which contained the following entry: “ Now on this day comes the County Attorney on behalf of the State of Nebraska, and the defendant present in court in person and said defendant waived preliminary hearing, service of copy of information, twenty-four hours in which to plead and right of counsel and standing at the bar of this Court, in open court, is duly arraigned * * * saith he is 1 guilty ’.”
It became clear in the course of the hearing, both from the testimony of the defendant and from the records of this court, that at the time of the defendant’s conviction in the Nebraska court the defendant was no naive, unbearded youth, ignorant of the law and of his rights, for by his own testimony he admitted that on two previous occasions, one in 1943 when he was 27 years of age when he was convicted in this court before the late Judge Franklin Taylor, he was represented by assigned counsel, and again in 1947 when he was 31 years of age, at which time he was *1019 convicted in the County Court of Nassau County, he again had counsel who was assigned by the court. Nor did the defendant suffer any language barrier, and by his own admission had the benefit of an eighth grade education.
Defendant further admitted that he had heard the Judge remark concerning the waiver of all his rights including that of counsel.
“ the court: Q. What was read about waiver?
‘‘ the witness : A. About I waived 24 hours in which to plea, copy of the information, and something else, and a waiver of counsel was the last.
‘ ‘ the court : Q. Did you hear all that ?
“ the witness: A. Yes, Sir. I am a little hard of hearing but I did hear some of it.
‘ ‘ the court : Q. You did hear them say you waived the right of counsel?
‘ ‘ THE witness : A. Yes.
“ the court: Q. Did you protest that you did not waive the right of counsel?
“ the witness: A. No, Sir, I did not.”
Under such circumstances, this court cannot, nor is it constrained to accept the bare averment of the defendant that he did not consciously waive his right to counsel when the same is controverted by a contemporaneous record of a court of a sister State, which indicates clearly that the rights of the defendant were made known to him and that he waived the same. To hold otherwise would be to cast aspersions upon the administration of justice in a sister State and to indicate that this court placed greater reliance on the uncorroborated testimony of an ex-convict with 9 previous convictions ranging from minor offenses and misdemeanors to felonies, than to the contemporaneous record of the honorable Justices of the courts of Nebraska. May not this court presume that the Justices of Nebraska courts are as zealous in the protection of the rights of accused persons as are the Justices of the United States Supreme Court, the Federal courts and the other courts of our Nation and of our own State and that the records of such courts are not false fabrications designed to cloak injustice? We believe it can (Bute v. Illinois, 333 U. S. 640).
This court has further reason to discredit the testimony of this defendant. His testimony on cross-examination by the District Attorney and upon interrogation by the court with respect to the proceedings in Nebraska directly contradicts his testimony on direct examination, to the effect that he was not advised of *1020 any of Ms rights. Subsequent to the completion of the hearing before this court, this court was in receipt of a letter from the defendant dated the same day as the completion of the hearing, which he requested be included in the record of the hearing. He denied that he knew he was being represented by counsel, • although he was most effectively represented by an experienced representative of the Legal Aid Society, to the observation and knowledge of the court.
The defendant has not sustained the burden of establishing by a fair preponderance of the evidence the averment of his petition, that he was not advised of the right to counsel and did not consciously waive the right of counsel in the State of Nebraska.
The court is further of the opinion that when the defendant entered his plea of guilty in said proceeding he was fully aware of the consequences thereof and he was afforded every right to which he was entitled under the United States Constitution. The application is therefore denied.