Robert E. Dempsey, J.
Defendant Esposito applies for resentence. The court so treats his application by way of notice of motion, petition, answering affidavit and transmittal letter.
Defendant was convicted on a plea of guilty to the crime of grand larceny, second degree. He was sentenced by the Hon. John Gahloway, County Judge of Westchester County, on January 21, 1964 as a second felony offender, to a term of imprisonment of three and one half to five years. He seeks to attack the validity of the predicate conviction which was rendered according to law, in the Bronx County Court on June 2, 1952.
His argument, urged in support of this application, is that section 1943 of the Penal Law, as amended, effective April 10, 1964, created a new judicial right to retrospectively review a prior New York State conviction and that People v. Cornish (21 A D 2d 280) should be so interpreted.
The amendment to section 1943 of the Penal Law was effected to overcome a situation such as the one discussed in the opinion of our Court of Appeals in People v. Wilson (13 N Y 2d 277). The purpose for setting up the statutory procedure to challenge the constitutionality of prior conviction is set forth in the Governor’s Memorandum approving the bill which in part said: ‘ ‘ At present, a person who is convicted of a felony in the courts of this State may be sentenced to additional punishment if he has previously been convicted anywhere of certain crimes. If the prior conviction was obtained in New York and the accused person desires to challenge its constitutionality, our laws afford him adequate procedures for doing so. However, if the prior conviction was had in another jurisdiction there is presently no procedure under the laws of this State for challenging the conviction, no matter how patently unconstitutional that conviction might be.” (N. Y. State Legis. Annual, 1964, p. 514.)
People v. Cornish (supra), cited by petitioner, acknowledges the right of a multiple offender to apply in the courts of New York in a proper ease to challenge a prior conviction of a foreign judgment and ruled that right to be retrospective in effect. There is nothing in this case that suggests that the vehicle of section 1943 of the Penal Law should be applied retrospectively to prior domestic judgments of conviction as predicates in the multiple offender law.
The fact is that the Court of Appeals in People v. Wilson (13 N Y 2d 277, 281, supra) reaffirms the procedural rules relating to prior convictions when rendered in our State courts. At *122 page 281, the court said: It is, of course, settled that a New York State court will entertain and act on a cor am nobis petition which prays for the setting aside of a prior conviction in that same court and if the allegations of the petition are proven will direct that the multiple offense conviction be corrected so as to eliminate therefrom any additional punishment visited upon the petitioner because of the invalidated earlier judgment.”
The petition is denied without prejudice to petitioner to elect to proceed in a proper manner in the proper court. His attack on the validity of the prior New York State conviction should follow the course recommended by our Court of Appeals.
The District Attorney is directed to serve a copy of the order to be entered herein and a copy of the decision upon the defendant at the place of his incarceration.