THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENIS J. BRODERICK, Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, entered October 6, 1964, which denied after a hearing his application to vacate his prior sentence as a third felony offender, and to be resentenced as a second felony offender (43 Misc 2d 1014). Appeal dismissed. In April, 1960 the defendant was sentenced as a third felony offender by the former County Court of Kings County. One of the prior felony convictions was obtained in the District Court for the Third Judicial District, Lancaster County, Nebraska. Defendant now contends that this conviction was obtained in violation of his constitutional right to counsel. Prior to the recent amendment of section 1943 of the Penal Law (L. 1964, ch. 446), there was no procedure in this jurisdiction whereby a defendant could challenge the constitutionality of a prior out-of-State conviction either at the time he was adjudged a multiple offender or at some later time (*People* v. *McCullough*, 300 N. Y. 107; *People* v. *Wilson*, 18 A D 2d 424, affd. 13 N Y 2d 277). Section 1943 of the Penal Law was amended in 1964 to provide that no previous conviction in this or any other State shall be utilized as a predicate for multiple offender treatment if such conviction was obtained in violation of the rights of the person accused under the

applicable provisions of the Constitution of the United States. This section as amended further provides that the objection shall be raised at the time of sentence unless good cause is shown for the defendant's failure to make timely challenge. In our opinion, this 1964 amendment of section 1943 of the Penal Law has retrospective effect and permits a defendant to move for resentence where the sentence as a multiple offender was imposed prior to its enactment in 1964 (cf. *People* v. *Cornish,* 21 A D 2d 280). The order appealed from refers to the defendant's motion as being an application in the nature of a writ of error *coram nobis.* That remedy is not available to challenge the validity of a prior out-of-State conviction in a court of this jurisdiction (*People* v. *McCullough, supra; People* v. *Wilson, supra; People* v. *Cornish, supra*). Despite the reference to *coram nobis* in the order, the defendant designated his motion as one for resentence and the court so treated it in the court's extensive opinion (see 43 Misc 2d 1014). Accordingly, we deem the order to be one denying defendant's motion for resentence. Such an order is not appealable (*People* v. *Horne,* 18 A D 2d 695; *People* v. *Machado,* 18 A D 2d 1103). We have, nevertheless, examined the appeal on the merits. The court below afforded the defendant a full hearing, at which the defendant was represented by counsel assigned for that purpose. On the basis of: (a) the certified copy of the Nebraska conviction with journal entries, and (b) the defendant's own testimony, we agree with the learned court that defendant failed to establish that he did not knowingly and consciously waive his right to counsel in Nebraska. In our opinion, the contrary is demonstrated by the record. If the order were appealable, we would affirm. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.