Chief Judge Desmond.
In July, 1963 defendant-respondent, after conviction of robbery, third degree, in Westchester County, was charged as a second felony offender and was sentenced as such on a showing that he had earlier been convicted of grand larceny, second degree, in 1952 in Queens County. Effective April 10, 1964, section 1943 of the Penal Law was amended in such manner as to provide in effect that a previous conviction in this or any other State shall not be utilized as a predicate for multiple offender treatment if the earlier conviction was obtained in violation of the United States Constitution.
In December, 1964, eight months after the amendment took effect, defendant moved the Westchester County Court for resentence, asserting that a'1952 Queens County conviction was unavailable as a predicate for treating him as a second offender because it had been obtained in such manner as to violate his Federal constitutional rights. The Westchester County Court denied defendant’s motion without a hearing, citing its own decision of the same day in People v. Esposito (50 Misc 2d 120). In substance the Esposito opinion said that the 1964 amendment to section 1943 despite its language does not apply so as to permit a defendant, sentenced as a recidivist, to challenge, after April, 1964, on a motion for resentence the constitutionality of a prior conviction in a New York court. The Esposito opinion cited the Governor’s message approving the 1964 amendment in which the Governor noted that in situations where an earlier conviction had been obtained in New York there had always been opportunity under other laws (presumably by coram nobis) to challenge its constitutionality, but that if the prior conviction sought to be challenged for unconstitutionality had been obtained in another jurisdiction there was before the 1964 amendment no procedure under New York laws for challenging the earlier conviction no matter how ‘ ‘ patently unconstitutional ” it might be. The Westchester County Court in this case and in Esposito concluded that the new 1964 language in section 1943 operates only when the prior conviction sought to be challenged was had in another State. The difficulty with that is, or course, that the new language in section 1943 refers to a “previous conviction in this or any other state”.
Defendant appealed to the Appellate Division, Second Department, which held: first, that the 1964 amendment has retroactive *407 effect and, second, that the statute by clear arid unambiguous language permits a defendant to challenge for Constitutionality a previous conviction “ in this or any other state ”i The Appellate Division majority cited our decision in People v. Machado (17 N Y 2d 440) as holding that for appeal purposes an application for resentence under section 1943 is to be treated as one for coram nobis relief.
The Justice who dissented alone at the Appellate Division concluded that, “ in view of the mischief to be corrected, it seems plain that the intent of the Legislature in amending section 1943 of the Penal Law in 1964 was limited to out-oLState convictions ”. He remarked — and in this he was clearly correct— that the principal evil at which the 1964 amendment was directed was this: when a prisoner was charged as being a second, third or fourth offender, there was no procedure in Hew York law whereby he could claim that one or more of the earlier convictions rendered outside the State Was gotten in violation of his constitutional rights. Be that as it may and Conceding that this was probably the principal purpose of the amendment, We find no way of getting around the statutory language “ previous conviction in this or any other state ”,
Section 1943 of the Penal Law, before the 1964 amendment, set out the procedure to be followed When a defendant after a felony conviction was charged With having previously been convicted of another felony. It then provided that an information had to be filed charging the previous convictions and. that the defendant had to be informed of his right to be tried thereon. A defendant was asked whether he was the same person named in the previous conviction or convictions and if he denied- that fact or remained silent there had to be a jury trial to decide whether he Was the same person. If he admitted it, of was tried and found to be the same person, he would be Convicted as a recidivist.
In 1949 in People v. McCullough (300 N. Y. 107) this court held that when charged with being a multiple offender a defendant could not litigate the constitutionality of one of the prior convictions except in the court where that conviction had been rendered, from which it followed that When the prior Conviction was in a foreign State there was no remedy here for attacking it. In 1963 in People v. Wilson (13 N Y 2d 277) We held again *408 that under such circumstances a foreign State conviction could not be attacked for unconstitutionality in our court. However, in the Wilson case there was a concurring opinion which pointed out that a defendant in that plight could go to the Federal courts to challenge the constitutionality of the out-of-State conviction by way of habeas corpus. The concurring opinion suggested that a State remedy should be provided to allow such an attack. A few months later the 1964 amendment to section 1943 was passed and signed. The 1964 amendment says that when a defendant is shown to be a subsequent felony offender he shall be treated as such on sentence except that previous convictions in or out of the State shall not be counted for this purpose if obtained unconstitutionally, and that an objection to the constitutionality of any such conviction may be raised at the time when it is sought to sentence defendant as a multiple offender.
Thus we have it that, while the Wilson and McCullough cases (supra) were talking about allegedly unconstitutional prior convictions in other States, the statute, passed to provide the remedy in such instances, went further and provided coverage whether the prior convictions were in this State or any other State.
The People, appealing, argue: first, that the 1964 amendment should not be applied to multiple offender sentencing which took place before the amendment took effect, at least when the challenged earlier judgment had been in this State. However, our decision in People v. Machado (17 N Y 2d 440, supra; also, People v. Cornish, 21 A D 2d 280, and People v. Broderick, 24 AD 2d 638) refutes this. Cornish and Broderick were talking about prior use of out-of-State convictions but the language of the 1964 amendment makes no such distinction.
Secondly, the People say, as did the dissenting Appellate Division Justice, that there was no reason for the Legislature to provide a new remedy for challenging prior in-State convictions since the remedy therefor already existed by way of coram nobis motion in the same court where the challenged conviction was rendered and where the records were lodged and where the witnesses are presumably to be found. The People point out that, if a defendant up for sentence as a subsequent offender can challenge his previous New York State conviction • by the new procedures, this new statutory procedure will be *409 available in any county in which he is charged as a multiple offender, with subsequent difficulty, inconvenience and expense in trying out his charges that the previous New York convictions were unconstitutional. Nevertheless and for all that, we find no way of escaping the statutory language which says that the new right and remedy is to be available whether the prior convictions were in-State or out-of-State. To reverse here we would have to ignore the amendment’s language “in this * * * state ”.
As to the retrospective application of the 1964 amendment to multiple offender sentences prior to the effective date of the amendment, it is settled by Machado, Cornish and Broderick {supra) that the amendment is generally retroactive. The District Attorney answers thus: he says that, since there was previously no remedy at all when the prior convictions were out-of-State, retroactivity should be made available only when the prior convictions were out-of-State, retroactivity being unnecessary as to in-State convictions as to which there is always available coram nobis. That is logical enough but no such distinction appears in the statute.
The order should be affirmed.
Judges Fuld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order affirmed.