Christian **BENAVIDEZ**, Appellant,

v.

**J. E. BAKER**, Warden, New Mexico State
Penitentiary, Appellee.

No. 9766.

United States Court of Appeals
Tenth Circuit.

Aug. 26, 1968.

William L. Panagulis, Denver, Colo.
(Michael V. Makaroff, Denver, Colo., on
the brief), for appellant.

Joseph F. Baca, Albuquerque, N. M.
(Boston E. Witt, Atty. Gen., and Thomas
O. Olson, Special Asst. Atty. Gen., on the
brief), for appellee.

Before LEWIS, SETH and HICKEY,
Circuit Judges.

PER CURIAM.

This is an apeal from an order of the
United States District Court dismissing
appellant's petition for writ of habeas
corpus. By agreement of the parties
the court heard the matter on the state
court record and took no additional testi-
mony.

Appellant had been sentenced by a
state district court of New Mexico for a
term of five to twenty years imprison-
ment pursuant to the New Mexico
Habitual Criminal Act, N.M.Stat.Ann.
§ 41–16–4, since repealed. He filed a

petition for writ of habeas corpus in the state district court and an appeal from a dismissal thereof was denied by the New Mexico Supreme Court.

Appellant raises two contentions in support of his petition. The first is that he was denied due process of law in that he was not given adequate notice that he was to be sentenced under the habitual criminal act. Secondly he contends that he was convicted and sentenced without having proper assistance of counsel. The United States District Court concluded that appellant was not denied due process of law because state law was complied with in that a written motion or other document was filed and that the defendant had an opportunity to plead thereto. The court further found that appellant had opportunity to object to the "information" filed under the state habitual criminal act, and that objections were made. His attorney did not question the validity of the prior conviction.

The record shows that appellant was charged with burglary and grand larceny. On November 15, 1961, court appointed counsel entered his appearance. The record shows that counsel met with appellant at that time for an informal and brief conference. Appellant did not see his attorney again until immediately before arraignment on November 20, 1961.

At the arraignment counsel told the court that he had met with appellant only once prior thereto and that he would like a brief opportunity to confer again with appellant. A brief recess was granted at the conclusion of which appellant, upon the advice of counsel, waived the reading of the information and pled guilty. Whereupon the court, after cautioning appellant that he need not answer before first consulting with counsel, inquired if appellant was in fact the same person who pled guilty to a previous charge of burglary. The counsel requested time to consult with appellant, and appellant and counsel left the court room for a brief period and upon returning appellant declined to answer the question. The court then requested that the district attorney conduct a trial as to appellant's identity, and the court then impaneled a jury. Appellant's counsel then inquired if the purpose of these questions and proceedings was to determine the applicability of the recidivist statute. The court advised him that such was the purpose, and the attorney protested that the matter had to be presented on information and required a preliminary hearing. The court denied the objection.

The district attorney then drew an information and handed a copy to appellant's counsel. Appellant's counsel objected to the information on the ground that *inter alia* there was no minimus of record and that the prior convictions could not be proven. The trial court overruled these objections stating that the newly filed information did not charge appellant with the commission of a crime, but merely enabled the court to comply with the habitual criminal act. Appellant's counsel was granted five minutes to explain the proceedings to appellant. The trial court then inquired of appellant in open court in front of the jury if he were the same person convicted of prior crime. The appellant answered in the affirmative, and the jury was discharged and appellant was sentenced pursuant to the recidivist act.

The United States District Court in ruling on appellant's petition found that state law was complied with to the effect that some written document must be filed and that the defendant must have an opportunity to plead thereto. It noted that the district attorney filed an "information" in compliance with the statute, alleging that appellant was the same person who was the defendant in another criminal cause in the same court, and that appellant after a short recess and conference with his attorney admitted that he was the same person. The court also found that appellant's attorney discussed the case with appellant, made certain objections to the proceedings under the habitual offenders act,

but did not see fit to question the validity of the prior convictions.

 The New Mexico Supreme Court in construing the recidivist statute has recognized that a hearing under the statute requires a "judicial hearing" to comport with due process. State v. Dalrymple, 75 N.M. 514, 407 P.2d 356 (1965). Consistent with due process, that court in State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967), also stated that identity is not the only issue in a recidivist proceeding, but that the New Mexico habitual criminal statute contemplates valid convictions which have not been vacated. Even though under New Mexico law as in most other states an habitual criminal charge does not state a separate offense, Lott v. Cox, 76 N.M. 76, 412 P.2d 249 (1966), the determination of whether one is an habitual criminal is "essentially independent" of the determination of guilty on the underlying substantive offense. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). As such due process requires that a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge. Oyler v. Boles, supra. "Due process, in other words, requires that he be present with counsel, have an opportunity to be heard, * * * and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed." Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967).

The thrust of appellant's argument here is that his attorney was not given sufficient time after notice of the applicability of the recidivist statute to prepare for a meaningful hearing relative to the charge. Appellant in his argument points out that notice was given at the arraignment immediately prior to sentencing and that counsel was given only a brief recess to discuss the proceedings with appellant. Appellant, however, neglects to state as the record shows that his counsel at the trial was the same counsel who had represented him in his previous conviction a short time before and that appellant likewise pled guilty to similar charges there. Thus if any defect was presented by the short notice by the trial court it was cured by actual knowledge that the recidivist statute was applicable. We are convinced that appellant has failed to show lack of adequate notice under these circumstances.

Appellant further claims that he was denied effective assistance of counsel because his court appointed attorney had no opportunity to prepare any defense to the information relative to the recidivist charges. As the habeas court stated, however, the attorney discussed the case with appellant five days before arraignment and immediately prior to arraignment and made certain objections to the proceedings and did not object on the ground of invalid prior convictions of which counsel was fully aware.

Affirmed.