THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDGAR WEBSTER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 27, 1967, convicting him of attempted burglary in the third degree, on a guilty plea, and imposing a second-offender sentence of 2½ to 4 years. Judgment reversed, on the law, and case remitted

to the court below for further proceedings as hereinafter indicated. The findings of fact below have not been considered. After his guilty plea defendant was arraigned on a prior offense information. At that time he admitted identity, but challenged the prior conviction on the ground that it had been unconstitutionally obtained. Without a hearing and determination of the issue raised by that challenge, the sentencing court adjudged defendant a second felony offender and imposed a second-offender sentence, without prejudice to any future *coram nobis* application that defendant might choose to make addressed to the alleged invalidity of his prior conviction. In our opinion, the procedure followed by the sentencing court violated section 1943 of the former Penal Law (which was the controlling statute when the crime was committed) and that error requires reversal of the judgment. As we read section 1943, when a defendant, being arraigned on a prior offense information, challenges the constitutionality of the prior conviction, the statute requires that the sentencing court must hear and determine such issue before it imposes a sentence on the current conviction (cf. *People* v. *Jones,* 17 N Y 2d 404, 408–409). If it finds the prior conviction valid, it may then adjudicate the defendant a multiple offender and sentence him accordingly on the current conviction; but if it finds the prior conviction constitutionally defective, it may not use it as a predicate for a multiple offender sentence on the current conviction. Since the sentencing court .in the case at bar did not hear and determine the issue raised by defendant before it adjudged him a second offender and sentenced him as such, the sentence must be reversed and the case remitted for resentencing in the manner herein indicated. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.