UNITED STATES of America ex rel.
Thaddeus SWIATEK, Relator-
Appellant,

v.

Hon. Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York,
Respondent-Appellee.

No. 618, Docket 35538.

United States Court of Appeals,
Second Circuit.

Argued March 16, 1971.

Decided June 14, 1971.

Albert S. Pergam, New York City (Cleary, Gottlieb, Steen & Hamilton, and P. Jay Fetner, New York City, on the brief), for relator-appellant.

Joel Lewittes, Asst. Atty. Gen. of New York, New York City (Louis J. Lefkowitz, Atty. Gen. of New York, New York City, Samuel A. Hirshowitz, First Asst. Atty. Gen., and Iris A. Steel, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.

MOORE, Circuit Judge:

This is an appeal from an order dismissing without a hearing the petition of appellant Thaddeus Swiatek (Swiatek) for a writ of habeas corpus. By order of this court, Swiatek's motion for a certificate of probable cause, for leave to proceed *in forma pauperis* and for the assignment of counsel to prosecute this appeal was granted. For the reasons stated below, we hold that in the course of a 1967 New York State court recidivist proceeding, Swiatek waived his Fourteenth Amendment right to test the constitutionality of a 1945 predicate conviction via an adversary hearing with the assistance of counsel. Accordingly, we affirm.

## FACTS

The facts of this case are comprised almost totally of the procedural history of Swiatek's exhaustive, yet perennially unsuccessful, efforts to set aside an application of a more severe 1967 sentence by virtue of his status as a recidivist under New York law. On January 16, 1967, Swiatek pleaded guilty to burglary in the third degree, the first count in satisfaction of a three-count indictment, in Erie County Court. On March 1, 1967 the Erie County District Attorney filed an information charging Swiatek with a previous felony conviction (also for third-degree burglary, on March 29, 1945),[1] as a predicate for "multiple offender" treatment under former New York Penal Law, McKinney's Consol. Laws, c. 40, § 1941.[2] Pursuant to for-

---

* Chief Judge, United States District Court for the District of Connecticut, sitting by designation.

[1]. On March 13, 1945, Swiatek appeared before the Erie County Court (Ward, J.), represented by retained counsel. At that time, he changed his plea from not guilty to guilty to a four-count indictment charging him with third-degree burglary, second-degree larceny and felonious possession of a weapon. Swiatek was also arranged on, and pleaded guilty to, all eight counts of a second indictment charging six counts of third-degree burglary and single counts of first- and second-degree larceny, respectively. On March 29, 1945, in the absence of counsel, Swiatek was sentenced on the first count of each indictment to a term of five to ten years' imprisonment, the terms to run consecutively. Sentence was suspended on the remaining counts of each indictment. No appeal was taken from these judgments of conviction.

On March 23, 1954, Swiatek moved the Erie County Court for resentencing on both 1945 convictions, and after considerable correspondence the court ordered Swiatek returned for that purpose. On June 25, 1954, Swiatek appeared with his 1945 trial counsel before Judge Latona, who suspended sentence and imposed indefinite probation under the second indictment. The record is not clear with respect to the court's action, if any, on the sentence imposed under the first indictment. The district court found that "both sentences of March 29, 1945 were revoked," and the clerk's minutes of the June 25, 1954 resentencing recite both indictment numbers. The backs of the indictments, however, refer only to a resentence under the second indictment; moreover, Swiatek was returned to prison after the resentencing, not to be released until February 1, 1955.

[2]. N.Y.Penal Law App., at 629 (McKinney 1967).

mer New York Penal Law, McKinney's Consol.Laws, c. 40, § 1943,[3] the statute then applicable to procedures for recidivist resentencing, Judge Latona advised Swiatek that he might admit, deny, or stand mute as to whether he was the person named in the District Attorney's information who was convicted on March 29, 1945 of the crimes then charged. Swiatek was further informed by the court that if he admitted that he was the person so named he would be sentenced as a second felony offender. After conferring with counsel, Swiatek acknowledged his identity as the previously convicted felon. The following colloquy then ensued:

"Mr. Kowalski [District Attorney]: Will the Court inform the defendant that if any of these convictions were obtained by a violation of any of his constitutional rights, that he should state that now or if he wishes to raise that in the future.

The Court: Did you hear that?

The Defendant: Yes.

The Court: Do you claim that this prior conviction was obtained through a violation of your constitutional rights?

Mr. Blair [Defense Counsel]: Your Honor, in behalf of the defendant, I can't say at this time. I have never been confronted with this before, a request to waive the rights of any defendant.

The Court: I will go through with the sentence.

Mr. Blair: I can raise that later."

There is no evidence that counsel or Swiatek sought to take advantage of the procedural requirements of § 1943, namely that the objection be "raised at this time" or that the challenge to the previous conviction be made "in the manner provided herein," or that defense counsel sought to request a postponement of sentence. Swiatek was then sentenced to a term of from six to twelve years' imprisonment as a second felony offender. All the remaining counts of the December 1965 indictment were dismissed.

*Post-Conviction Collateral Proceedings*

On July 19, 1967, Swiatek submitted the first of several *pro se* motions to the Erie County Court. The first sought a writ of error *coram nobis* to vacate his 1945 predicate conviction and to be resentenced on his 1967 conviction as a first offender on the basis of alleged constitutional infirmities related to the first conviction,[4] the right to contest which, Swiatek maintained, "was not waived, [but] was in effect reserved" at his 1967 sentence. By order dated August 16, 1967, Judge Latona denied Swiatek's first application without a hearing or an opinion. An appeal was taken to the Appellate Division, Fourth Department, but briefing and argument were held in abeyance pending the outcome of proceedings related to Swiatek's second motion for relief also in the Erie County Court.

3. Section 1943, as amended April 10, 1964, provides in pertinent part as follows:
   "An objection that a previous conviction was unconstitutionally obtained may be raised at this time [when defendant is informed by the court of the allegations of an information accusing him of such prior conviction] and the court shall so inform the accused. Such an objection shall be entered in the record and shall be determined by the court * * * *The failure of the person accused to challenge the previous conviction in the manner provided herein shall constitute a waiver on his part of any allegation of unconstitutionality* unless good cause be shown for his fail-

ure to make a timely challenge." [Emphasis supplied.]
   Sections 1941 and 1943, as part of the New York Penal Law of 1909, were repealed by New York Penal Law § 500.05, at 298 (McKinney 1967), effective September 1, 1967.

4. Swiatek maintained (1) that he never pleaded guilty to one of the 1945 indictments; (2) that he was not represented by counsel at the time of sentence; (3) that he was coerced into giving a confession; and (4) that he was improperly resentenced in 1954, because it allegedly involved an illegal interruption of sentence under New York law.

That second motion made on March 14, 1968, sought resentencing under the 1967 indictment,[5] alleging that he was unconstitutionally deprived of any advice as to his right to attack his predicate conviction at the time of his sentence as a second felony offender. In a decision dated June 13, 1968, Judge Gaughan, after reviewing the March 1, 1967 minutes, found that Swiatek was adequately apprised of his right to make a constitutional attack on the 1945 conviction, but that Swiatek through his counsel had "effectively reserved his right to make such an attack." Accordingly, Judge Gaughan made the following order:

"If the defendant has any objection that his previous conviction of March 24, 1945 was unconstitutionally obtained he should forthwith file an affidavit with this Court specifically setting forth the objection or objections, and this Court will order a hearing to determine the same."

Pursuant to the court's order, on October 14, 1968, Swiatek submitted a *pro se* motion for resentence to the Erie County Court, supplemented by a letter dated November 26, 1968, which sought assignment of counsel and a hearing to determine the constitutionality of the 1945 predicate conviction.[6] On January 23, 1969, Judge Heffron[7] denied the motion without a hearing on the ground that Swiatek's moving papers were insufficient to warrant a hearing and the assignment of counsel.[8]

On June 19, 1969, the Appellate Division without opinion unanimously affirmed Judge Latona's denial of Swiatek's motion to vacate the 1945 conviction;[9] leave to appeal to the New York Court of Appeals was denied by Judge Jasen on September 18, 1969.

*Proceedings Below*

On November 6, 1969, Swiatek *pro se* sought federal habeas corpus relief alleging the unconstitutionality of the 1945 predicate conviction on numerous grounds.[10] By order dated January 14, 1970, Judge Curtin found that available state remedies had been exhausted and

---

5. Judge Latona's order treated the first motion as one solely to set aside the 1945 conviction and sentence, rather than as a motion for resentence under the 1967 conviction, due to the alleged unconstitutionality of the predicate conviction. See note 20, *infra*.

6. In support of his motion, Swiatek enumerated three alleged grounds, not previously raised in his *coram nobis* application: (1) that he was arrested without probable cause; (2) that he was unduly detained following arrest without access to counsel; and (3) that he was induced to plead guilty upon representation by his attorney that an ultimately broken plea bargain had been made.

7. In the interim, Judge Gaughan had been appointed to the New York Supreme Court.

8. No appeal was taken from the court's denial of the motion for resentence, probably because no such avenue is provided under New York law. See People v. Briggs, 34 A.D.2d 596, 308 N.Y.S.2d 192 (3d Dep't 1970).

9. People v. Swiatek, 32 A.D.2d 894, 302 N.Y.S.2d 1019 (4th Dep't 1969).

10. Swiatek's constitutional challenges included the following allegations: (1) that he was arrested in his home by police without a warrant and without probable cause; (2) that he was held by the police without access to counsel or to his family; (3) that his plea of guilty to the first 1945 indictment was involuntary due to a coerced confession and broken plea bargain; (4) that his counsel entered a plea of guilty on his behalf, contrary to his express wishes; (5) that he was sentenced in the absence of counsel and without being advised of his right to appeal; (6) that he was denied the effective assistance of counsel throughout the 1945 proceedings; and (7) that he was denied due process of law by the failure of the 1967 trial court to accord him a hearing on the constitutionality of the 1945 predicate conviction.

Because we find that Swiatek waived his right to an automatic adversary hearing on the validity of the predicate conviction, irrespective of the merits of his claims, we have no occasion to rule upon the substantiality of the allegations raised in Swiatek's habeas corpus petition, in the light of the criteria promulgated recently by the Supreme Court in Procunier

directed the State to produce the relevant records. On May 7, 1970, Judge Curtin denied Swiatek's application without a hearing and in a brief opinion concluded as follows:

"This court's examination of the record indicates that petitioner was represented by experienced counsel at all stages of the proceedings except that it appears that there was no attorney present at his sentence on March 29, 1945. However, counsel was present at the time of his resentence on June 24, 1954. Furthermore, petitioner did not urge that his confession was coerced until some time after the entry of his plea in 1945. Considering all of the circumstances in this case, the court finds that petitioner's constitutional rights were not violated."

## RIGHT TO A HEARING WITH THE ASSISTANCE OF COUNSEL

*Existence of the Right*

■■ As a matter of constitutional law, the determination of whether a defendant is a habitual criminal or "recidivist" is "essentially independent"[11] of the determination of guilt or innocence with respect to the underlying substantive offense. Accordingly, under the Due Process Clause of the Fourteenth Amendment, an accused recidivist "must receive reasonable notice and opportunity to be heard" on the recidivist count brought against him,[12] here by way of the District Attorney's information. In Specht v. Patterson,[13] in connection with an analogy drawn between the criminal

charge and judicial procedures with respect thereto under the Colorado Sex Offenders Act, on the one hand, and those under state recidivist statutes on the other, the Supreme Court clarified the procedural accouterments required of recidivist proceedings under the Fourteenth Amendment:

"Due process, in other words, requires that he [the accused] be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed."[14]

In short, in Swiatek's March 1, 1967 recidivist sentence proceeding, he was entitled to what he seeks here, *viz.*, an adversary hearing with the assistance of counsel.

*Swiatek's Waiver of His Constitutional Right to a Hearing*

■ Section 1943 specifically provides that Swiatek's failure to challenge the prior conviction at the time of sentence as a recidivist "shall constitute a waiver * * * of any allegation of unconstitutionality unless good cause can be shown for the failure to make timely challenge." The purpose of this requirement, of course, is to have the validity of the predicate conviction tested at an "early" stage and by the court before sentence, rather than years later in state or federal collateral proceedings when the necessary witnesses and records may well become less reliable or unavail-

---

v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971), to determine his right to a hearing on his constitutional claims. We note, however, that Swiatek was represented by apparently competent counsel at a number of important stages, including the original 1945 guilty plea, the 1954 resentencing and the 1967 guilty plea and recidivist sentencing. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

11. Chandler v. Fretag, 348 U.S. 3, 8, 75 S.Ct. 1, 99 L.Ed. 4 (1954). *See also* Graham v. West Virginia, 224 U.S. 616, 625, 32 S.Ct. 583, 56 L.Ed. 917 (1912).

12. Oyler v. Boles, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

13. 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed. 2d 326 (1967).

14. *Id.* at 610, 87 S.Ct. at 1212.

able.[15] Neither this nor any other part of § 1943 is challenged here. Moreover, despite the claim that "Swiatek and his [March 1, 1967] lawyer were caught by surprise," it is not argued here that Swiatek's counsel "was not given sufficient time after notice of the applicability of the recidivist statute to prepare for a meaningful hearing relative to the charge" or that Swiatek "was denied effective assistance of counsel because his * * * attorney had no opportunity to prepare any defense to the information relative to the recidivist charges." [16]

Rather, Swiatek's species of due process claims are analogous to those advanced before the Supreme Court in Oyler v. Boles,[17] wherein Mr. Justice Clark speaking for the Court responded as follows:

"Indeed, we may assume that any infirmities in the prior convictions open to collateral attack could have been reached in the recidivist proceedings, either because the state law so permits or due process so requires. But this is a question we need not and do not decide, for neither the petitioners nor their counsel attempted during the recidivist proceedings to raise the issues which they now seek to raise or, indeed any other issues. They were not, therefore, denied the right to do so. The petitioners' claim that they were deprived of due process because of inadequate opportunity to contest the habitual criminal accusation must be rejected in these cases. Each of the petitioners had a lawyer at his side, and neither the petitioners nor their counsel sought in any way to raise any matter in defense or intimated that a continuance was needed to investigate the existence of any possible defense." [18]

■ As in *Oyler*, the due process claim here must fail because when given the opportunity prescribed by New York's recidivist sentencing statute, neither Swiatek nor his counsel attempted to raise the issues which he now seeks to raise, or any other issues bearing on Swiatek's status as a recidivist under New York law. At all times during those proceedings, Swiatek was represented by counsel whose effectiveness is not challenged here. In response to the court's pre-sentence question whether Swiatek claimed that "this prior conviction was obtained through a violation of your constitutional rights," rather than seeking a continuance or postponement of sentence from the court on the basis of a need to "investigate the existence of any possible defense" to the recidivist count, Swiatek's counsel indicated that although "I can't say at this time * * * I can raise that later." [19] The prosecutor moved the sentence, and sentence was then imposed.

Although no appeal was taken from the 1967 judgment of conviction, Swiatek *pro se* did attempt to "raise that later" by way of application for a writ of error *coram nobis*, the traditionally available remedy through which collateral attacks on convictions are made in New York. This attempt to set aside the 1945 conviction from beginning to end was found to be without merit. Swiatek's second motion, a motion for resentence,[20] was also denied on the mer-

---

15. United States ex rel. Kenny v. Follette, 410 F.2d 1276, 1279 (2d Cir. 1969), *citing* 1964 N.Y.State Legis.Annual 57, 514.

16. Benavidez v. Baker, 399 F.2d 591 (10th Cir. 1968) ; *see also* Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

17. 368 U.S. 448, 82 S.Ct. 501 (1962).

18. *Id.* at 454, 82 S.Ct. at 504.

19. Swiatek's counsel on appeal argues that "Swiatek should not be penalized because

his [trial] lawyer did not automatically raise a constitutional objection to the prior conviction, but rather sought a postponement to decide in good faith whether to interpose a challenge." Appellant's Br., at 18. This allegation as to seeking a postponement has no basis in the record.

20. People v. Cornish, 21 A.D.2d 280, 250 N.Y.S.2d 233, 236 (1st Dept. 1964) :
"[A]ny irregularity or illegality in the [§ 1943 recidivist] sentencing procedure, which now embraces opportunity for such

its without a hearing, notwithstanding Judge Gaughan's finding that for purposes of the motion before him a § 1943 waiver did not bar Swiatek's constitutional attack on the predicate conviction.

We assume without deciding that § 1943, now Code of Criminal Procedure § 470–a, has represented New York's procedural answer to the constitutional requirements outlined in *Oyler* and *Specht*.[21] The express terms of § 1943 were strictly complied with by the recidivist sentencing court with respect to informing Swiatek and his counsel of the right to raise any constitutional objections to the validity of the predicate conviction. Swiatek's counsel knew of his client's prior record, was apprised of his client's imminent sentencing as a recidivist under § 1941 and was chargeable with knowledge of § 1943, including the waiver proviso. Yet neither Swiatek nor his counsel chose to make an attack at the time of sentence. Therefore, when counsel indicated that he might interpose a claim of constitutional invalidity at a later time, Swiatek's rights to an automatic adversary hearing with the assistance of counsel to test the constitutional validity of the predicate conviction, regardless of the merit of Swiatek's claims, were waived.[22]

Affirmed.

challenge [of a predicate conviction], may be corrected on a motion for resentence * * * [A] defendant who wishes to show good cause for having failed to make a timely challenge on sentence as a multiple offender is entitled to make a motion for resentence. The availability of such a procedure, of course, precludes the use of *coram nobis* as a remedy, and removes the occasion of state habeas corpus as a mode of relief."

21. See People v. Cornish, 21 A.D.2d 280, 250 N.Y.S.2d 233 (1st Dept. 1964).

Under § 1943, a state criminal defendant facing a recidivist charge is entitled to test the constitutionality of predicate convictions through an adversary hearing with the assistance of counsel, regardless of the merits of his claims. People v. Webster, 32 A.D.2d 557, 300 N.Y.S.2d 127, 128 (2d Dept. 1969) ; *cf.* People v. Jones, 17 N.Y.2d 404, 408–409, 271 N.Y.S.2d 240, 218 N.E.2d 291 (1966). The importance of the § 1943 procedure is demonstrated by comparison with a collateral attack by way of application for a writ of error *coram nobis* on similar facts, which does not give a petitioner an automatic and absolute right to either a hearing or counsel. *Cf.* United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960) ; *but see* People v. Monahan, 17 N.Y.2d 310, 270 N.Y.S.2d 613, 217 N.E.2d 664 (1966) (right to counsel upon request in coram nobis proceeding, when hearing granted).

22. *Cf.* United States ex rel. Kenny v. Follette, 410 F.2d 1276, 1280 (2d Cir. 1969) (dissenting and concurring opinion of Waterman, C. J.) ; *see also* Fay v. Noia, 372 U.S. 391, 483, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) ; Gibbons, *Waiver: The Quest for Functional Limitations on Habeas Corpus Jurisdiction*, 2 Seton Hall L.Rev. 291, 305 (1971).